Nov. Term,
1854.

Dutton
v.
The State.

---

DUTTON *v.* THE STATE.

| 5 | 533 |
| 155 | 392 |
| 156 | 39 |

In criminal prosecutions, another indictment pending for the same offence constitutes no ground of abatement.

Indictment for forgery. A change of venue was taken from the *Steuben* to the *De Kalb* Circuit Court. The prisoner applied for a continuance on an affidavit alleging that *A., B.* and *C.* were material witnesses, &c.; that they resided in *Steuben* county; that he expected to prove by them that *D.* and *E.,* two material witnesses, who were then in attendance to testify against him, were, at that time, persons of bad reputation, and ought not to be believed under oath; that the change of venue was granted on the preceding *Wednesday,* and that on the next day he caused a subpœna to be issued for said witnesses by the clerk of the *De Kalb* Circuit Court, which was mailed to the sheriff of *Steuben* county, and received by him on *Sunday* last, and served on said witnesses on the next day; that the witnesses had not had sufficient time to be in attendance, but he believed he could procure their attendance at the then next term of the Court; that he knew of no other witnesses by whom he could prove the same facts; and that the affidavit was not made for delay, &c. *Held,* that the affidavit was sufficient.

APPEAL from the *De Kalb* Circuit Court.

DAVISON, J.—*Dutton,* on the 29th of *April,* 1851, was indicted for forgery in the *Steuben* Circuit Court. He pleaded in abatement as follows: That before this indictment was found, viz., at the *October* term, 1850, he was indicted in that Court for the identical offence charged in the present indictment, and on his petition the venue in that behalf was changed to the *De Kalb* Circuit Court; that the parties in this and the former prosecution are the same, &c., and the former indictment is still pending in

Monday,
December 11.

the *De Kalb* Circuit Court, as by the records, &c., appears, and this he is ready to verify, &c.   To this plea there was a demurrer sustained.

. The prisoner was then arraigned and pleaded not guilty; whereupon he applied for and obtained a change of venue. The cause was ordered to the county of *De Kalb* for trial, and the clerk directed to transmit a transcript of the proceedings and the original papers to the Circuit Court of that county. This change was taken on the 30th of *April*, and on the 6th of *May*, being the second judicial day of the *May* term, 1851, of the *De Kalb* Circuit Court, such transcript and papers were duly filed in that Court, and on that day the case was called for trial. Thereupon the prisoner moved for a continuance.   In support of the motion he filed an affidavit, alleging that *James Baker*, *Joseph Woodhall* and *Abram Walters* were material witnesses for him on the trial; that they resided in *Steuben* county, in this state; that he expected to prove by them that *Marlin* and *Mary Price*, two material witnesses, who then were in attendance to testify against him, were, at that time, persons of bad reputation and ought not to be believed under oath; that the change of venue in this case was granted on last *Wednesday*, and on the *Thursday* succeeding he caused a subpœna to be issued for said witnesses by the clerk of the *De Kalb* Circuit Court, which was mailed to the sheriff of *Steuben* county, and received by him on *Sunday* last, and served on said witnesses on the next day; that the witnesses have not had sufficient time to be in attendance, but he believes he can procure their attendance at the next term of this Court; that he knows of no other witnesses by whom he can prove the same facts; and that the affidavit was not made for delay, &c.

The motion was overruled, and the cause submitted to a jury.   Verdict for the state.   New trial refused, and judgment, &c.

The errors assigned are, 1. The sustaining of the demurrer to the plea.   2. The refusal to continue the cause.

The demurrer was correctly sustained.   Another indictment pending for the same offence constitutes no ground

of abatement. This, in criminal prosecutions, seems to be the settled rule, and we perceive nothing in the plea before us exempting it from the force of that rule. 1 Chitty's Crim. Law 447.

But the continuance should have been granted. Under the circumstances detailed in the record, the affidavit was, in our opinion, sufficient. It shows that a proper degree of diligence was used to procure the attendance of the witnesses; and it is made to appear that their testimony would have been material on the trial. We think the refusal to continue the cause was not a proper exercise of judicial discretion, and was, therefore, erroneous.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*R. Brackenridge*, Jr., for the appellant.

*R. A. Riley*, *N. B. Taylor* and *J. Coburn*, for the state.