## HARDIN v. THE STATE.

CRIMINAL LAW AND PRACTICE—ABATEMENT.—A defendant is not allowed, in criminal cases, to plead in abatement that another indictment is pending against him for the same offense.

SAME.—Where a person is not under prosecution for an offence, but is still indicted therefor, he may plead in abatement of the indictment the disqualification of any of the grand jurors who found it.

SAME.—Pleas in abatement in criminal cases should neither be uncertain, ambiguous nor repugnant.

SAME.—No issue can be made by plea in abatement in criminal cases upon the fact whether grand jurors by whom an indictment was found were reputable or not.

APPEAL from the *Clark* Circuit Court.

WORDEN, J.—*Hardin*, the appellant, was indicted in the Court below, for the murder of *Peter Yesley*, and upon trial, was convicted of the offense and sentenced to be hanged.

Before pleading in bar, the defendant pleaded in abatement five several pleas, as follows:

1. Comes now *Henry Hardin* in person, &c., and saith he is the defendant in a criminal prosecution now pending in this Court, wherein he is charged by indictment with the crime of murder, and that he ought not to be tried upon the same for the reason that before the indictment was found

against him, to-wit: at the *October* term of the *Clark* Circuit Court, 1863, he was indicted in that Court for the identical offence charged in the present indictment, and on his petition the venue in that behalf was changed to the *Jackson* Circuit Court: that the parties to this action and the former prosecution are the same, and the former indictment and prosecution are still pending against him; wherefore, &c.

2. And the said defendant for further answer saith that he ought not to be tried upon said indictment for the reason that the persons by whom the indictment was found were not legal grand jurors; not having been selected according to law, in this: that the board of commissioners of the county of *Clark*, at its *March* term, 1864, that being the first regular session of said board for said year, did not select the names of sixty persons having the requisite qualifications for grand jurors, from the tax duplicate of the county of *Clark* for the preceding year, or cause to be written their names upon separate ballots, and placed in a box prepared for that purpose; wherefore, &c.

3. And said defendant for further answer saith that, he ought not to be tried upon said indictment, for the reason that the persons by whom the indictment was found, were not legal grand jurors, not having been selected according to law, in this: that they were not reputable freeholders or householders of the county of *Clark*, and taxable therein; wherefore, &c.

4. And said defendant for further answer to said indictment, saith he ought not to be tried upon the same, for the reason that the persons by whom the indictment was found were not legal grand jurors, not having been selected according to law, in this: that the Clerk of the *Clark* Circuit Court, did not, in the presence of the board of commissioners of *Clark* county, at its *March* term, 1864, that being the first regular session in said year, draw by lot from the names of

sixty persons having the requisite qualifications for grand jurors, who had been selected by the board of county commissioners, the names of the persons who found the said indictment, to act as grand jurors, for this term of this Court; wherefore, &c.

5. And said defendant for a further answer to said indictment, saith that, he ought not to be tried upon the same, for the reason that the persons by whom the same was found were not legal grand jurors, not having been selected according to law, in this: that said persons were not selected by the judge of this Court, to serve as grand jurors for this Court, at this term; wherefore, &c.

These several pleas were verified. Demurrers were sustained to each of these pleas, and exception taken. The correctness of the ruling on these demurrers raises the only question in the record.

The first plea was clearly bad, and the demurrer was properly sustained. A defendant is not allowed in criminal cases, as in civil actions, to plead in abatement that another indictment is pending against him for the same offense. 1st Arch. Crim. Plead., Waterman's notes, 358; *Commonwealth* v. *Drew*, 3 Cush. 279; *Dutton* v. *The State*, 5 Ind. 533.

The second, fourth and fifth pleas, may be considered together. They go to the manner of the selection of the grand jury, and do not, in view of the provisions of our statute, set up any valid matter of abatement.

The act to limit the number of grand jurors, &c., 2 G. & H. 431, provides the manner in which grand jurors shall be selected by the board of commissioners, and Clerk of the Circuit Court, but those provisions need not here be set out in order to an understanding of the points here decided. The following sections, however, on which the questions arising in the case depend, may be set out in full:

"SEC. 1. Be it enacted, &c., that a grand jury shall con-

sist of twelve members, all of whom shall be reputable free-holders or householders of the proper county, and taxable therein.

"Sec. 10. A panel of grand jurors may be filled in whole or in part, when necessary, by summoning the requisite number of freeholders or householders of the proper county, under the direction of the Court, who shall, in the discretion of the Court, be selected from persons residing in the several townships, unless in consequence of delay in filling the panel, or for other satisfactory reasons, the Court shall otherwise direct.

"Sec. 11. No challenge to the array of any grand jury shall be allowed, unless such challenge shall be supported by affidavit setting forth the cause therefor.

"Sec. 12. No plea in abatement, or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the Court, amounts to corruption, in which case such plea or objection shall be received."

Under the provisions of the section last above quoted, where a grand jury has been duly charged and sworn, as was done in the present case, it is not material in what manner they may have been selected to serve as such, unless the irregularity of their selection amounts to corruption.

Nothing charged in the several pleas now under consideration, amounts to corruption; and, indeed, no corruption is claimed to have existed.

But, aside from this, the pleas in question are each radically bad on other grounds. Each plea must be good by itself. Neither one of these pleas, taken by itself, shows that the grand jury was not selected strictly according to law. Neither the second, nor fourth shows but that it was selected under the direction of the Court, as provided for in the 10th section of the statute above quoted. The fifth does not show but

Hardin *v.* The State.

that it was duly selected by the board of commissioners and Clerk as provided for by law.

We come to the third plea. From the language of this plea, it is uncertain whether it should be treated as going to the manner of selecting the grand jury, or to the qualification of the jurors. It says that those who found the indictment, "were not legal grand jurors, not having been selected according to law, in this: that they were not reputable freeholders or householders of the county of Clark, and taxable therein."

It alleges that they had not been selected according to law, and gives as the particular in which they had not been thus selected, the personal disqualification of the jurors; a thing that has nothing to do with the manner of their selection, but only with their capacity to serve. Pleas in abatement should neither be uncertain, ambiguous nor repugnant. But we pass over this uncertainty, and proceed with the plea as if it set up matter going to the disqualification of the grand jurors, rather than to the manner of their selection. A question arises whether such objection can be taken by plea in abatement?

A challenge to the array of a grand jury, we have seen by the statute, may be made, if supported by affidavit, and no doubt challenges to the polls may be made where any of the jurors have not the necessary qualifications. These challenges, however, must be made before the jury are sworn and charged. And where a person is under prosecution for an indictable offence, whether in custody or on bail, it would perhaps devolve no hardship upon him to require that he should take his objection to the grand jury about to inquire into the offence with which he is charged, or any member thereof, by way of challenge, and not permit him to forego the challenge and afterwards set up the objection by plea in abatement. But where a person is not under prosecution for

an offence, he cannot be supposed to anticipate that a charge may be made against him before the grand jury, and in such case we think he may plead in abatement of the indictment, the disqualification of any of the grand jurors who found it. *The State* v. *Herndon*, 5 Blackf. 75; 1 Whart. Am. Crim. Law, sec. 472; 1 Arch. Waterman's notes, p. 359. In the case before us, it does not appear that the defendant was under prosecution before the indictment was found.

We return to the plea in question; and we think it was bad, and the demurrer properly sustained, for reasons which will be stated. The strictness and certainty required at common law in pleas in abatement, obtained in criminal prosecutions, as well as in civil cases. *The State* v. *Newer*, 7 Blackf. 307; *The State* v. *Willis*, 11 Humph. 222; *Findley* v. *The People*, 1 Manning (Mich.) 234. If our code of civil practice has made any alteration in respect to pleading in abatement in civil cases it does not apply to criminal cases. The code of criminal practice furnishes its own rules, and it provides that, "the laws and usages of this State, relative to pleading and practice, in criminal actions, not inconsistent herewith, as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force." 2 G. & H. 428, sec. 172.

Tested by the ordinary rules that apply to pleading of this description, the plea is liable to two objections that are fatal:

Fisrt, it seeks to make an issue on matter that is not issuable. It alleges that the jurors "were not reputable freeholders or householders of the county of *Clark*, and taxable therein." But for aught that appears by the plea, the jurors were "freeholders or householders of the county of *Clark*, and taxable therein." Whether they were reputable persons or not was a matter to be judged of by the persons selecting the grand jury; and, in our opinion, an issue could not be made upon this matter in order to determine the validity or

Hardin *v.* The State.

invalidity of the indictment. A certain standard by which to determine who are, and who are not, "reputable," can not easily be found. It fluctuates more or less with every shade of opinion that may be entertained by the community, upon the subjects of religion, morals and politics; and a man who, by one jury or set of triers, might be thought to be highly reputable, might, by another, be thought to be exceedingly shabby. For an analogous case, see *The State* v. *McGinley,* 4 Ind. 7–11.

But, secondly, if we regard the plea as alleging simply that the jurors "were not freeholders or householders of the county of *Clark,* and taxable therein," it is too vague and uncertain as to the particular disqualification intended to be relied upon. There are three elements that go to make up the qualifications of the jurors in question: first, they must have been either freeholders or householders; second, they must have been of the county of *Clark;* third, they must have been taxable in that county. Now the plea in question does not allege that the jurors did not have any of these qualifications, but that they did not have all of them; which particular ones were lacking was not specified. If the plea had alleged that the jurors were not freeholders or householders, nor of the county of *Clark,* nor taxable in that county, it would have negatived all the necessary qualifications, at least all that could have been inquired into, and in that case further particularity would seem to be unnecessary. But the plea alleges that they "were not freeholders or householders of the county of *Clark* and taxable therein." This allegation would be true, if they were freeholders or householders, but not of the county of *Clark,* or, if of the county of *Clark,* not taxable in that county. It would also be true if they were of the county of *Clark* and taxable therein, but not freeholders or householders. The plea, in short, negatives some of the necessary qualifications, but not all; and it

fails to specify which the jurors possessed, or which they lacked.

The pleading may be, and probably is, liable to further objection, but we deem it unnecessary to pursue the subject further.

*Per Curiam.*—The judgment below is affirmed.

*Jason B. Brown*, for the appellant.

*Oscar B. Hord*, Attorney General, *Thomas M. Brown* and *Martin M. Ray*, for the State.