No. 7117.

THE AMERICAN INSURANCE COMPANY OF CHICAGO v. PRESSELL.

INSURANCE.—*Promissory Note.—Fraud.—False Representations.—Pleading.*— In an action by an insurance company upon a promissory note, given for premiums on insurance, an answer is good which avers false representations of existing facts affecting the responsibility of the company and its ability to fulfil its contracts, made by its agent as to matters presumed to be within his knowledge, and of which the defendant was ignorant, whereby the defendant was injured.

SAME.—*Foreign Insurance Company.—Evidence.*—A foreign insurance company furnished to the Auditor of State a statement substantially as required by statute. The copy of its charter was furnished as a separate paper, and not embraced as the fourteenth item of the statement, as section 3765, R. S. 1881, specifies. This was accepted by the auditor as sufficient. The auditor's certificate of authority and copy of statement recited that a copy of the charter was filed, and this was filed by the company's agent in the clerk's office, without a copy of the charter. *Held*, that a premium note taken for insurance made in the county was not, for this cause, void.

From the Henry Circuit Court.

*M. E. Forkner* and *D. W. Kinsey*, for appellant.

BICKNELL, C. C.—This was an action by the appellant against the appellee on a promissory note given for insurance and payable in yearly instalments.. The note was to become wholly due if any of said instalments should remain due and unpaid for thirty days after notice given of the maturity thereof. The complaint averred the making of the note and contract, and that three of the instalments were not paid, whereof notice was duly given, whereby the entire note became due. A copy of the note and a copy of said notice and a copy of the appellant's charter, which was made a part of the contract, were parts of the complaint. The appellee answered in eight paragraphs, to all of which, except the sixth, seventh and eighth, demurrers were sustained; demurrers to the sixth, seventh and eighth, for insufficiency of facts,

were overruled; to these rulings the appellant excepted, and then replied in denial of the sixth, seventh and eighth defences. The issues were tried by the court, and there was a finding for the appellee. The appellant's motion for a new trial was overruled; judgment was rendered upon the finding, and this appeal was taken.

Errors are assigned in overruling the demurrers to the sixth, seventh and eighth defences, and in overruling the motion for a new trial.

The error assigned as to the sixth defence is not alluded to in the appellant's brief, and is therefore regarded as waived.

The seventh and eighth defences were good. They averred false representations of existing facts relating to the condition and business of the insurance company, which facts affected the responsibility of the company and its ability to fulfil its contracts. *Burt* v. *Bowles*, 69 Ind. 1; *Reagan* v. *Hadley*, 57 Ind. 509. And such representations were made by the agent of the appellant of matters presumed to be within his knowledge, and of which the appellee was ignorant. *Shaeffer* v. *Sleade*, 7 Blackf. 178; *The State* v. *Holloway*, 8 Blackf. 45. And each of the defences avers an injury sustained by reason of the false representations. *Sieveking* v. *Litzler*, 31 Ind. 13.

There was no error in overruling the demurrers to the seventh and eighth defences.

As a cause for a new trial, it is alleged that the finding of the court is not sustained by the evidence and is contrary to law. The point is made that the statement filed by the appellant's agent in the clerk's office of Henry county, under section 1 of the act of December 21st, 1865, in relation to foreign insurance companies, 1 R. S. 1876, p. 594, did not contain a copy of the act of incorporation of the appellant's company.

It was held in *The Rising Sun Insurance Co.* v. *Slaughter*, 20 Ind. 520, that, under the act of June 17th, 1852, 1 G. & H. 272, a policy of insurance negotiated in this State by a foreign insurance company, or its agent, without a previous compliance with the requirements of that act, was void.

In *Hoffman* v. *Banks*, 41 Ind. 1, it was held that said act of 1865 is a substitute for said act of 1852, and that a note given for a policy in a foreign company, which had not complied with said act of 1865, was void. To the same effect are the decisions in *The Union, etc., Ins. Co.* v. *Thomas*, 46 Ind. 44, and *Cassaday* v. *The American Ins. Co.*, 72 Ind. 95.

In the case at bar, it appeared in evidence that the appellant was a foreign insurance company, and had filed a statement with the Auditor of State substantially in accordance with the requirements of section 1 of said act of 1865, and had furnished the Auditor of State with a copy of its act of incorporation, but it did not appear that said act of incorporation was embraced in said statement as item fourteenth, so as to be a literal compliance with said section 1. The Auditor of State accepted the statement, with the copy of the charter, as sufficient, and issued to the agents his certificate of authority. That certificate recited the fact that a copy of the charter had been furnished to the auditor, and annexed to the certificate was a copy of the statement of the appellant. This certificate and statement were duly filed by the agents with the clerk of Henry county in his office, so that the appellant's statement appeared there, and the auditor's certificate of the agent's authority, reciting the fact that a copy of the charter had been furnished to the auditor, also appeared there, but a copy of the charter of the company was not there.

Upon this evidence the same question arises that was decided by this court in *The American Insurance Co.* v. *Butler*, 70 Ind. 1. There the certified copies of the statements filed with the clerk were imperfect in precisely the same way as above stated, and the court below, as in this case, had given judgment for the defendant in a suit on a note, given to the same company, for a policy of insurance negotiated by the same agents, as in this case.

This court said : "We can not adopt or approve of a construction of the provisions of the statute, * * which would punish the appellant by avoiding its contracts, for the mere

failure or omission of the Auditor of State to furnish the appellant's agents with a certified copy of its act of incorporation, which, it appears, the appellant, had furnished to such auditor."

Upon the authority of the case just cited, the finding of the court in the case at bar was not sustained by the evidence, and was contrary to law. The judgment of the court below ought to be reversed for the error of the court in overruling the motion for a new trial.

PER CURIAM.—It is therefore ordered by the court, that the judgment of the court below be, and it is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.