## The People v. William Hamilton.

*Criminal law—Bastardy proceedings—Pendency of prior action—Bar.*

The pendency of bastardy proceedings in the circuit court is not a bar to a second complaint and examination for the same offense.[1]

*Certiorari* to a justice of the peace to inquire into the cause of the detention of a respondent in bastardy proceedings. Argued February 1, 1893. Proceedings affirmed April 7, 1893. The facts are stated in the opinion.

*George McKay,* for respondent.

*A. A. Ellis,* Attorney General, and *T. C. Quinn,* Prosecuting Attorney, for the people.

HOOKER, C. J. *Certiorari* to a justice of the peace to inquire into the cause of detention of defendant.

Defendant, being brought before a justice upon a charge of bastardy, filed a plea in abatement, alleging, in substance, that he was at the time of his arrest under recognizance to appear before the circuit court upon another charge for the same cause, made before another magistrate of the same county; that he had appeared at the circuit court, and obtained a continuance of said cause, which had never been tried or otherwise disposed of.

The facts upon which said plea was predicated were stipulated to be as follows: That the prior proceedings were upon complaint made by the same complainant, and for

---

[1] For cases involving the construction of the bastardy statute, see *People v. Smith,* 65 Mich. 1; *In re Kaminsky,* 70 Id. 653; *People v. Kaminsky,* 73 Id. 637; *People v. Morrison,* 75 Id. 30.

the same identical cause as the case at bar; that the defendant appeared at circuit court, at the term mentioned in the recognizance, but subsequently made default; that the recognizance was forfeited; that, on application of the prosecuting attorney, the circuit court ordered a *capias* to issue to apprehend the defendant, and bring him into court for trial; but that no further proceedings appear to have been had in said cause. It was further stipulated that said cause was pending, unless the same abated or was discontinued by the default and entry of these orders.

The justice disregarded the plea, and committed the defendant upon failing to comply with his order to file a recognizance for his appearance at circuit court.

The remedy in bastardy cases is purely statutory. It has for its object the protection of the public from the support of bastards by requiring the putative father to contribute, and to furnish indemnity to the authorities and assistance to the mother. The procedure is in its nature criminal. The complaint and warrant are similar to those issued in criminal cases, and the law provides for an examination before a magistrate, who may require a recognizance for the appearance of the defendant at circuit. This examination is summary, and has little semblance of a trial. No witnesses are sworn on behalf of complainant at the examination, and, after hearing the defendant, the magistrate may require him to enter into a recognizance for his appearance at the circuit court. How. Stat. § 2005. The statute does not contemplate the determination of the case by the magistrate as upon a trial, but he inquires into the question of the birth of an illegitimate child and its paternity, holding defendant for trial if there is probable cause to believe him the father of such child.

In criminal proceedings, to which these are analogous, the weight of authority sustains the proposition that the pendency of one indictment is no bar to a trial upon a second for the same offense. *Com. v. Dunham,* 1 Law Rep. 145; *Com.*

*v. Drew*, 3 Cush. 279; *Dutton v. State,* 5 Ind. 533; *U. S. v. Herbert,* 5 Cranch, C. C. 87. In such case, where in the same court, it is the usual course to quash one before the party is put to plead on the other. In this case the circuit court would doubtless protect the defendant from undue prosecution.

The proceedings of the justice were regular, and will be affirmed.

The other Justices concurred.