## SWING, TRUSTEE, v. TONER.

[No. 21,872. Filed January 3, 1912. Rehearing denied June 6, 1912.]

1. INSURANCE.—*Contracts.—Place Where Made.—Construction.*— Where the insured, under policies issued by a foreign company, was a resident of this state, the property insured was located herein, and the insurance was contracted for and the policies delivered to the insured in this State through agents or brokers herein, the policies were Indiana contracts. p. 103.

2. INSURANCE.—*Action on Policy.—Pleading.—Answer in Bar.— Alleging Company's Noncompliance and Inability to Comply With Statutory Requirements.*—Where a foreign mutual fire insurance company that had never complied with the laws of Indiana (§4663 Burns 1908, Acts 1905 p. 113, §4790 *et seq.* Burns 1908, §3765 *et seq.* R. S. 1881) and was therefore not entitled to do business in this State, became insolvent and its corporate existence was terminated by the court of the state in which it was incorporated, so that it could never thereafter comply with the laws of Indiana, an answer alleging facts showing these matters in an action by the trustee for its creditors to recover assessments levied against a citizen of Indiana on policies of the company issued in Indiana, was not a plea in abatement, but was good as an answer in bar of the action. p. 104.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by James B. Swing, Trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati, against Albert D. Toner. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Patterson A. Reece, Holman & Stephenson, Meyers & Yarlott,* for appellant.

*Stewart T. McConnell, Albert G. Jenkines, Bertram C. Jenkines* and *Charles H. Stuart,* for appellee.

Cox, J.—This appeal is in an action brought by the appellant, James B. Swing, as trustee for the creditors of the Union Mutual Fire Insurance Company of Cincinnati, a defunct mutual fire insurance company of Ohio, disincor-

porated by the supreme court of that state because of insolvency. The appellant's action was prosecuted against appellee in the lower court to recover assessments decreed by the supreme court of Ohio on a contingent liability of appellee, as the holder of two policies of insurance in the company, to share in losses and expenses, as provided by the laws of that state governing such companies. Appellee, the insured, was a resident of this State; the property insured was located herein; the insurance was contracted for and the policies delivered to appellee in this State through insurance agents or brokers here, and were therefore Indiana contracts.

1.

Appellee answered the complaint in five paragraphs, and the one question presented for determination arises from the action of the trial court in overruling appellant's demurrer to the fifth paragraph.

This paragraph of answer alleged facts which show that the Union Mutual Fire Insurance Company at the time it issued its policies of insurance to appellee, upon which the appellant's cause of action is based, had not complied with any of the laws of this State providing the conditions under which foreign insurance companies may transact their business of insurance here, that it had never afterward so complied, and that it had been disincorporated and rendered incapable of ever so complying with such laws.

It is the contention of appellant that the failure of the insurance company to comply with the laws of this State did not make these contracts of insurance with appellee void, but that it only suspended its right to enforce any liability from appellee to the company growing out of them until compliance, and that therefore the facts pleaded in this paragraph constitute matter in abatement; that being matter in abatement it was waived by a failure to plead it as such before the general denial and other matters in bar, which were pleaded in the preceding paragraphs of answer,

as §371 Burns 1908, §365 R. S. 1881, provides that an answer in abatement must precede, and cannot be pleaded with an answer in bar.

In support of the claim that a failure by a foreign insurance company to comply with our laws merely suspends its right to enforce its contracts, made in violation of the statutory provisions, and does not render them void, counsel for appellant cite *Daly* v. *National Life Ins. Co.* (1878), 64 Ind. 1, *Phcnix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405, and *Security Sav., etc., Assn.* v. *Elbert* (1899), 153 Ind. 198, 54 N. E. 753.

Opposed to this position of counsel for appellant, counsel for appellee have presented a thoughtful and forceful brief and argument and review of our cases, to support the claim that such contracts are invalid, and they cite, as sustaining them, *Hoffman* v. *Banks* (1872), 41 Ind. 1; *Union Cent. Life Ins. Co.* v. *Thomas* (1874), 46 Ind. 44; *Walter A. Wood, etc., Mach. Co.* v. *Caldwell* (1876), 54 Ind. 270, 23 Am. Rep. 641; *Cassady* v. *American Ins. Co.* (1880), 72 Ind. 95; *American Ins. Co.* v. *Pressell* (1881), 78 Ind. 442; *Wiestling* v. *Warthin* (1890), 1 Ind. App. 217, 27 N. E. 576.

We are not constrained to rest the decision of the question involved in this case on the determination of the above issue between counsel, for it is not necessarily involved therein. If the above-stated position of appellant's counsel is correct, it does not follow that the facts pleaded in the fifth paragraph of answer constitute matter in abatement and not in bar. If the insurance company in question was a solvent and going concern, so that it might subsequently comply with our laws, it would be matter in abatement only, if the decisions cited by counsel are to be followed. But the company became insolvent and was disincorporated—its life has been taken away by the state that created it. It is plain that it can never comply with the laws of our State. §4663 Burns 1908, Acts 1905 p. 113, §4790 *et seq.* Burns 1908, §3765 *et seq.* R. S. 1881.

As these contracts cannot be enforced in our courts until such compliance, and as this can never be, the rights under them are not merely suspended, they are barred.

"Whenever the subject-matter of the plea or defence is that the plaintiff cannot maintain *any* action *at any time* whether present or future in respect of the supposed cause of action, it may, and usually must be pleaded in *bar;* but matter which merely defeats the *present* proceeding, and does not show that the plaintiff is *forever* concluded, should in general be pleaded in *abatement.*" 1 Chitty, Pleading (16th Am. ed. from 7th Eng. ed.) *462. See, also, Pomeroy, Code Remedies (4th ed.) §573; *Swing* v. *Wellington* (1909), 44 Ind. App. 455, 463, 89 N. E. 514, and cases cited there.

No error was committed in overruling the demurrer to this paragraph of answer, and the judgment is affirmed.

Myers, J., did not participate in the decision of this cause.

NOTE.—Reported in 96 N. E. 946. See, also, under (1) 19 Cyc. 661; (2) 19 Cyc. 1319. As to actions and suits by dissolved corporations, see 134 Am. St. 311.