## STIPP ET AL. v. STATE OF INDIANA.

[No. 23,336.   Filed February 26, 1918.]

1. STATUTES. — *Construction.* — *Drawing Juries.* — Section 544a Burns 1914, Acts 1909 p. 103, providing for the filling of vacancies in the regular panel of juries, is of broad application and is intended to apply to the selection of grand as well as petit juries. p. 214.

2. GRAND JURY.—*Filling Vacancies.*—*Statute.*—*Construction.*— Section 544a Burns 1914, Acts 1909 p. 103, relative to the filling of vacancies in the regular panel of juries, construed in connection with §1668 Burns 1914, Acts 1913 p. 15, relative to the drawing of grand and petit jurors, requires that when a member of a regular panel of any jury is excused from service for the term of court, his successor must be selected in the same manner as required for the selection of the original panel; and a judge has no authority to fill a vacancy in such case, when the grand jury is assembled to be charged and sworn, by ordering the bailiff to summon a named person. p. 214.

3. CRIMINAL LAW.—*Sustaining Demurrer to Plea in Abatement.* —*Reversible Error.*—The sustaining of a demurrer to a plea in abatement showing that a vacancy in the grand jury which returned the indictment was filled by the judge in violation of §544a Burns 1914, Acts 1909 p. 103, and §1668 Burns 1914, Acts 1913 p. 15, was reversible error. p. 215.

4. GRAND JURY.—*Indictment and Information.*—*Indictment by Jury Improperly Organized.*—*Plea in Abatement.*—An indictment found by a grand jury which was not organized in accordance with the statute is void, and the objection may be presented by plea in abatement. p. 215.

From the Delaware Circuit Court; *Alonzo L. Nichols,* Special Judge.

Prosecution by the State of Indiana against Lee Stipp and others. From a judgment of conviction, the defendants appeal. *Reversed.*

*J. Frank Mann* and *Frank Feeley,* for appellants.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings, Dale F. Stansbury* and *Horace F. Murphy,* for the state.

SPENCER, C. J.—This is an appeal from a judgment of conviction based on an indictment which charges that appellants are guilty of operating a place where intoxicating liquors were sold, bartered and given away in violation of §8351 Burns 1914, Acts 1907 p. 689. To this charge appellants filed a plea in abatement presenting an alleged irregularity in the selection of the grand jury which returned the indictment and now challenge the action of the trial court in sustaining a demurrer to that plea. The answer in abatement alleges that after the original members of the grand jury had been selected in accordance with the provisions of §1668 Burns 1914, Acts 1913 p. 15, and had assembled for the purpose of being charged and sworn, one of their number, Mose Peterson, was, for good cause shown, regularly excused from service. The plea then alleges that the judge of the trial court "did not fill the vacancy thus caused by calling together the jury commissioners of said county and by having the name of an additional member drawn as provided by law, but at the said time ordered the court bailiff of said court to go to a certain business house in the city of Muncie, said county and state, and there summon one William W. Ross to come into court and act as a member of said grand jury in the place of the said Mose Peterson; that pursuant to the order of said judge the said court bailiff proceeded to the said place of business and there found and summoned the said William W. Ross to appear in court and serve as a member of said grand jury; that thereupon, in response to the summons, the said Ross did appear in said circuit court room and by direction of the said judge took his place as a member of the said grand jury, and he, the said Ross, together with the five other members drawn by the jury commissioners, was accepted as a member of the said grand jury and said Ross was sworn as a member under the

direction of said judge, and thereupon the said judge appointed the said Ross as the foreman of the said grand jury." Other allegations of the pleading attack the motive of the judge in assuming to exercise the power to select the new juror.

In support of their assertion that Ross was improperly selected as a member of the grand jury, appellants direct our attention to the statutory provisions for the filling of vacancies on grand juries after their organization (§1960 Burns 1914, Acts 1905 p. 605), or in case the vacancy is caused by the successful challenge of a juror (§1967 Burns 1914, Acts 1905 p. 607), and contend that under *all other* circumstances the necessary additional juror must be selected in the same manner as the original body was drawn. Without disputing this contention, the state insists that appellants' remedy, if any, is provided by §1965 Burns 1914, Acts 1905 p. 607, and that they should have challenged the selection of Ross before the grand jury was sworn. It is true, as stated in 12 R. C. L. 1032, §19, that: "If the accused knew that his case would be presented to the grand jury because he had been committed to await its action, he must * * * object to defects in the grand jury's organization by challenge to the polls or to the array. But if he was not in custody or out on bail at the time the grand jury was impaneled, and so had no knowledge that his case would go before the grand jury, and consequently no opportunity to object to its organization before the indictment was found against him, he may make his objection by plea in abatement." See, also, *Mershon* v. *State* (1875), 51 Ind. 14, 18. In the present case, the facts pleaded in appellants' answer are sufficient to show that they presented their objections at the earliest opportunity and we are required, then, to pass on their contention that when the juror Peterson was excused from service on the grand

jury, his successor should have been selected in the same manner as the original panel was drawn; that is, as by statute provided. This contention finds express support in the provisions of §544a Burns 1914, Acts 1909 p. 103, which require, in part: "That in the circuit, superior, criminal and probate courts of the State of Indiana, where persons drawn for *jury service* or *jurors*, in any such courts have been excused from service for the term of court, the judge thereof shall immediately notify the clerk of the circuit court thereof and of the number so excused from the service, and said clerk shall immediately proceed to draw from the jury box for each of said courts the number of names required by each of said courts to fill up the regular panel thereof, and record and certify such drawing upon the proper order book of such courts, respectively, and the names so drawn and certified shall become members of the regular panel of such courts for such term. *The names shall be drawn and the persons summoned in accordance with the existing provisions for the drawing and summoning of jurors,* except that such persons so drawn shall be immediately summoned to appear at once in such courts." (Our italics). It is true that this statute makes further provision for the use of talesmen under certain conditions, but, as the method adopted for the selection of an additional juror in the present case is not within the contemplation of the law relative to talesmen, the provisos in question need not be expressly considered at this time. The language used in the above statute indicates that it is of broad application and is intended to apply in the selection of grand as well as petit juries. So considered, it is to be construed, in connection with §1668 Burns 1914, *supra,* as announcing the rule that when a member of the regular panel of any jury is excused from service for the term of court,

his successor must be selected under the latter statute in the same manner as the original panel should have been drawn. The allegations of appellants' plea in abatement clearly show a violation of that rule in this case and our next inquiry is to determine whether the sustaining of a demurrer to that plea constitutes reversible error.

Cases may be found which apply the doctrine that where, in the organization of a grand jury, qualified jurors are, in fact, secured, an error or irregularity in their selection or impanelment does not, in the absence of fraud or corruption, supply ground for sustaining a plea in abatement (*Sage* v. *State* [1891], 127 Ind. 15, 17, 26 N. E. 667; *Cooper* v. *State* [1889], 120 Ind. 377, 379, 22 N. E. 320; *Meiers* v. *State* [1877], 56 Ind. 336, 341), but, on examination of these decisions and others of similar import, it will be found that they invoke a rule which is of legislative origin. Acts 1841 p. 126; 2 G. & H. 433; 2 R. S. 1876 p. 419, §12. As those statutes are no longer in force, we are required to return to the common-law principles governing cases of this character and find an exposition thereof in *Vattier* v. *State* (1835), 4 Blackf. 73, which holds in substance that an indictment found by a grand jury which is not organized in accordance with the statutory requirements is void, and the objection may be presented by plea in abatement. See, also, *Shattuck* v. *State* (1858), 11 Ind. 473, 477; *State* v. *Herndon* (1839), 5 Blackf. 75.

The presumption of innocence prevails in Indiana. §2137 Burns 1914, Acts 1905 p. 642. The protection of the innocent from unfounded prosecution, and of the state from the improper shielding of crime, either in the exercise of assumed power or through official malfeasance, can be secured only by a strict compliance with

the statutory method provided for the selection and impanelment of grand as well as petit juries.

Our conclusions require a reversal of the judgment below, with instructions to the circuit court to overrule appellee's demurrer to the answer in abatement and for further proceedings not inconsistent herewith. It is so ordered.

NOTE.—Reported in 118 N. E. 818. See under (2, 3) 12 Cyc 358.