STATE OF INDIANA *v.* LOWE.

[No. 24,802.   Filed January 25, 1929.]

*U. S. Lesh,* Attorney-General, and *George A. Matlock,* for the State.
*Thomas E. Garvin,* for appellee.

WILLOUGHBY, J.—On the 5th day of January, 1924, the grand jury of Marion County, Indiana, in the Marion Criminal Court, returned an indictment against the appellee, charging him with the crime of transporting intoxicating liquor in an automobile. This indictment was based on an act concerning intoxicating liquor and declaring an emergency approved March 1, 1923, Acts 1923 p. 108. The offense is declared in this statute to be a felony and that the defendant, upon conviction, shall be imprisoned not less than one year nor more than two years and fined in a sum not exceeding $1,000.

The indictment, omitting the caption of the cause, the signature and formal parts, reads as follows: "The grand jurors for the county of Marion and State of Indiana, upon their oaths, present that Carl Lowe, on or about the 3rd day of February, A. D. 1924, at and in the county of Marion and State aforesaid, did then and there unlawfully, knowingly and feloniously transport

intoxicating liquor in an automobile in violation of the laws of this State; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

To this indictment the defendant filed a verified plea in abatement. The plea in abatement, omitting the caption of the cause, the signatures, and other formal parts, is as follows: "Comes now the defendant, Carl Lowe, and respectfully represents to the court that on or about the 4th day of February, 1924, a certain affida- vit was filed against this defendant in the City Court of Indianapolis, Indiana, wherein this defendant was charged in seven separate counts with various alleged liquor law violations; that certain of said charges are identical with the charges contained in the indictment herein; that this defendant was duly arrested, on the warrant issued upon said city court affidavit, and appeared in court to answer said charges; that the said city court had then and there jurisdiction of this defendant and the offenses charged against this defendant; that thereafter, to wit: on the 12th day of February, 1924, this defendant filed in said city court his written motion to suppress the evidence, claimed to have been secured and ascertained by said officers, and that thereupon a hearing was had upon said motion and the court's ruling and decision taken under advisement to the 13th day of May, 1924; that upon said date said motion was sustained; and the evidence secured and ascertained by reason of said alleged illegal and unlawful search and seizure was suppressed, and said defendant discharged; that thereafter said affiant was arrested upon a capias issued out of this court on the indictment herein noted.

"Affiant further represents that the State of Indiana has no further evidence upon which to press the prosecution herein other than the alleged evidence claimed to have been secured by reason of the alleged unlawful

search and seizure and that the evidence now proposed to be introduced in this cause and the proposed evidence which the State of Indiana proposes to use in the trial of said cause in the city court of Indianapolis, Indiana, is the same and identical evidence and the same and identical evidence so illegally secured and so judicially adjudged illegal and void; that the evidence thus obtained under said alleged illegal and unlawful search and seizure has, by reason of the judgment and order of the city court of the city of Indianapolis, been quashed, suppressed and held for naught, and that the bottles and liquids, and each and every item thereof, taken under said alleged unlawful and illegal search and seizure have been suppressed, and any attempt to use said liquids and bottles and each and every item thereof as evidence or any attempt to use as evidence any fact discovered, secured or ascertained, as the result of said alleged illegal and unlawful search and seizure has been suppressed and declared not legal evidence, and that the State of Indiana, has no other evidence than the alleged evidence, it has been suppressed and declared illegal. Wherefore, the defendant moves the court that this prosecution do abate and for all other relief right and proper in the premises."

The state filed a demurrer to the plea in abatement, which demurrer was overruled by the court. Judgment was rendered that the action abate. The state appeals from said judgment and assigns as error the overruling of the demurrer of the state to the plea in abatement.

The rule is that pleas in abatement must be strictly construed and the specific grounds upon which the defendant demands the prosecution abate must be stated with certainty. No presumptions of law or fact are allowed in their favor. They must exclude all such supposable matter as would if alleged by the opposite party defeat his plea. *Ward* v. *State* (1874), 48 Ind. 289; *State* v. *Comer* (1902), 157 Ind. 611, 62 N. E.

452; *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; 1 Chitty, Pleading (16 Am. ed.) 462-473; Stevens, Pleading (9th Am. ed.) 352-431; Gould, Pleadings (5th ed.) §§52, 57, 58 and 59. Pleas in abatement in criminal cases should neither be uncertain, ambiguous nor repugnant. *Hardin* v. *State* (1864), 22 Ind. 347. A plea in abatement must be certain in intent in every particular and leave nothing to be supplied by intendment nor any supposable answer unobviated. It must state facts, and mere conclusions or opinions of the pleader are insufficient. *Randolph* v. *State* (1928), *ante* 210, 162 N. E. 656.

The plea in abatement filed by appellee in this case states that on or about the 4th day of February, 1924, a certain affidavit was filed against this defendant wherein this defendant was charged in seven separate counts with various alleged liquor law violations and that said charges are identical with the charges contained in the indictment herein. It further says that this defendant was duly arrested on the warrant issued upon said city court affidavit, and appeared in court to answer said charges, and that the said city court had then and there jurisdiction of said defendant and of the offense charged against this defendant. It is stated in said plea that certain of said charges are identical with the charge upon which this appellee was tried in the criminal court of Marion County, but it does not set out the charges so this court may know that they are identical. The pleader merely states his opinion that they were identical. It is stated in the plea that the city court had jurisdiction of the offense charged against the defendant. But the defendant in this case is charged with a felony, the punishment for which shall be imprisonment not less than one year nor more than two years in the state prison and a fine not exceeding $1,000. It therefore appears by such plea that the said city

court of Indianapolis did not have jurisdiction of the offense. §11011 Burns 1926. Said plea also alleges that in the city court a motion was filed to strike out and suppress evidence which appellee claims was secured by virtue of an alleged 'illegal and unlawful search warrant. That said court suppressed said evidence, but the plea nowhere states that such evidence was procured by an illegal and unlawful search warrant. It merely states that this city court held that the evidence was so procured and for that reason suppressed it. The plea further says that the State of Indiana has no other evidence other than the alleged evidence claimed to have been secured by reason of said illegal search warrant and that the evidence now proposed to be introduced in this case and to be used in the trial of said cause is the same identical evidence so illegally secured and so judicially adjudged illegal and void, and which has been quashed and suppressed by said city court of Indianapolis.

These are mere statements of the opinion of the pleader and do not state any facts. There is nothing in the plea in abatement which shows that the ruling of the court suppressing such evidence was correct. No facts are set forth in said plea showing the illegality of said search warrant. The plea in abatement does not show facts sufficient to abate the action and the court erred in overruling the demurrer to it.

Judgment reversed, with instructions to sustain appellant's demurrer to the plea in abatement and for further proceedings not inconsistent with this opinion.

Martin, C. J., and Myers and Travis, JJ., concur in conclusion.