## BROWN *v.* STATE OF INDIANA.

[No. 25,300. Filed January 31, 1933. Rehearing denied April 26, 1933.]

Saul I. Rabb, for appellant.

Arthur L. Gilliom, Attorney-General, and Edward J. Lennon, Jr., Deputy Attorney-General, for the State.

MYERS, J.—Appellant and another were jointly indicted, jointly tried, and each convicted of the offense of transporting "intoxicating liquor in an automobile." Acts 1925, p. 144, §7, §2720 Burns 1926. A demurrer to appellant's plea in abatement was sustained. His motion to quash the indictment and his motion for a new trial were each overruled, and each of the foregoing rulings is separately assigned as error.

The pleading denominated a plea in abatement, in substance, averred that the search of the automobile was made by two deputy sheriffs, Brown and Bell, and state police officer Bridges without a search warrant so to do; that these officers searched the automobile prior to making any arrest and without any evidence that probable

cause existed for the search; that they knew of no violations of law by appellant until they made the search; that the only evidence before the grand jury that indicted appellant was the evidence obtained through the illegal search. Prayer that the action abate.

The intention of the pleader by the foregoing plea was not to suppress evidence nor to meet the state's action on the merits. His purpose was thereby to defeat or suspend the action of the state then pending against him on grounds tending to challenge the authority of the officers to make a search of the automobile, ■■ and the sufficiency of the evidence to warrant the grand jury in returning the indictment. A plea in abatement is dilatory in character and is regarded unfavorably by the courts. It is merely a denial of the right to bring the present suit. It is therefore a tacit admission of the cause of action. *Winer* v. *Mast* (1896), 146 Ind. 177, 183, 45 N. E. 66. It embraces pleas to the jurisdiction of the court in suspension of the ■ action and in abatement of the writ. It must precede a plea in bar (*Boland* v. *Claudel* [1881], 181 Ind. 295, 104 N. E. 577), and state fully and directly the material facts relied on with such certainty as to exclude any and all supposable facts which the opposite party might allege to defeat it. *Randolph* v. *State* (1928), 200 Ind. 210, 213, 162 N. E. 656, and cases cited; *State* v. *Lowe* (1929), 200 Ind. 487, 490, 164 N. E. 857; *Knotts* v. *Clark Const. Co.* (1921), 191 Ind. 354, 359, 131 N. E. 921, 132 N. E. 678; *Williams* v. *State* (1919), 188 Ind. 283, 301, 123 N. E. 209, and cases cited; 1 Enc. Pl. & Pr., 6. Generally speaking, it serves to postpone the present proceeding, but under certain circumstances it may be effective as a bar to a cause of action. *Swing, Trustee,* v. *Toner* (1912), 178 Ind. 102, 96 N. E. 946; *Swing* v. *Wellington* (1909), 44 Ind. App. 455, 463, 89 N. E. 514, and cases

cited. It is never used to suppress evidence or to determine the admissibility of evidence. In the ■ instant case appellant sought to abate the action against him, not because of an insufficient charge or defects in the writ, but on the ground that the state procured evidence against him illegally. Questions of that character cannot be properly presented by a plea in abatement. As will be seen, the facts relied on by appellant in his plea were not such as would exclude facts which might have been alleged by the state to defeat it.

The undisputed evidence in this case shows that at about four o'clock in the morning appellant was driving an automobile accompanied by its owner DeLong on the Keystone Road near and toward Indianapolis. They were stopped by road policeman Bridges, who, from inferences fairly drawn from the evidence, was acting in connection with the two deputy sheriffs. A few seconds after Bridges had stopped the car, the two deputy sheriffs appeared upon the scene. Some conversation was had between Bridges and the deputy sheriffs. The subject of the conversation does not appear, but it was followed by the arrest of appellant and DeLong. One of the deputies requested that appellant and DeLong step out of the car, which they did. DeLong was asked what they had in the car and his answer was "alcohol." The car was then searched and twenty-three five-gallon cans filled with alcohol were obtained. Appellant was driving at a speed of from 37 to 40 miles an hour, as clocked by the deputy sheriffs who were following him.

The demurrer to the plea of appellant was properly sustained. All of the other questions presented in this case were considered and decided against appellant's contention in the cases of *DeLong* v. *State* (1929), 201 Ind. 302, 168 N. E. 22, and *Barker* v. *State* (1930), 201 Ind. 465, 169 N. E. 842.

Judgment affirmed.