LEEDY *v.* STATE OF INDIANA

[No. 28,990. Filed November 19, 1953. Rehearing denied December 10, 1953.]

*Joseph R. Roe,* of Columbia City, for appellant.

*Edwin K. Steers*, Attorney General, and *Carl Humble*, Deputy Attorney General, for appellee.

Bobbitt, C. J., and Draper, J., are of the opinion that the judgment of the court below should be affirmed. Emmert and Gilkison, J. J. are of the opinion that the judgment of the court below should be reversed. Flanagan, J. having been of counsel in the cause, and incompetent to participate in the decision for that reason, and the remaining judges having been equally divided at the last term and being equally divided at this term, the judgment of the court below is affirmed without costs in accordance with the provisions of Burns' 1946 Repl., §2-3232.

Separate opinions follow.

### SEPARATE OPINION

DRAPER, J.—An indictment was returned to the Whitley Circuit Court charging the appellant with murder in the first degree.

Under special appearance, the appellant filed two paragraphs of plea in abatement. The state's demurrer to each paragraph for want of facts was sustained, and such proceedings were thereafter had that the appellant was found guilty of murder in the second degree, and sentenced to imprisonment for life.

The sole error assigned is the sustaining of the state's demurrer to appellant's plea in abatement.

The first paragraph of the plea alleges:

"That the indictment returned herein was returned by a grand jury not organized in accordance and compliance with the statutes of the State of Indiana for the following reasons and in the following particulars, and that this affiant had no opportunity to object to said grand jury by challenge:

"(a) The first day of the January Term of the Whitley Circuit Court was January 7, 1952, and

the names of said grand jurors were not drawn at 10:00 o'clock A.M. on the Monday immediately preceding the commencement of said term, nor at the earliest hour practicable thereafter, although no reason existed for failure to so draw said names, but said names were in truth and in fact drawn on Wednesday, December 26, 1951.

"(b) The drawing of the names of said grand jurors was not made pursuant to a written order duly entered and publicly posted in the Clerk's office at least two hours prior to the time determined for said drawing by the Whitley Circuit Court or pursuant to order of said Whitley Circuit Court duly entered and publicly posted in the Clerk's office at least two days prior to a time determined by said Whitley Circuit Court for said drawing.

"(c) That no venire was directed issued by the Whitley Circuit Court for said grand jurors, nor issued for said jurors, nor was any return made of such proceedings.

"Wherefore, defendant asks that this action abate."

The second paragraph of the plea alleges:

"That the Jury Commissioners for the 1952 January Term were not properly selected or organized in accordance and compliance with the statutes of the State of Indiana for the following reasons and in the following particulars, namely:

"(a) The Jury Commissioners appointed were not caused to appear and take an oath or affirmation in open court.

"(b) No oath or affirmation was entered of record in the order books of said court.

"(c) The Court did not instruct the Jury Commissioners concerning their duties.

"Wherefore, defendant asks that this action abate."

The first paragraph of the plea alleges a failure to comply with certain of the requirements of Burns' 1946 Repl., §4-3320. The second alleges a failure to

comply with certain of the requirements of Burns' 1946 Repl., §4-3301.

The appellant cites and relies upon *Walter R. Rudd v. State of Indiana* (1952), 231 Ind. 105, 107 N. E. 2d 168. That case does not govern this one, however, for there we were dealing with a factual situation as developed by a trial of the issues presented by the plea in abatement. The legal sufficiency of the plea in abatement filed in that case was neither questioned nor considered. In that case no question of pleading was presented. In this case no other question is presented. As this case comes to us, we are called upon to decide only whether the plea in abatement in this case is sufficient, as a matter of law, to meet the challenge of a demurrer addressed thereto.

Pleas in abatement are not addressed to the merits of the prosecution, but on the contrary assign a reason or reasons why the state should not be permitted to proceed with the present action. Being dilatory pleas, which merely seek to overthrow or delay the proceeding for the present, they are not favored in the law. No presumptions of fact are allowed in their favor. They must possess the highest degree of certainty in every particular and intent, and state with certainty the specific grounds upon which the defendant demands that the prosecution abate. They must state facts. Mere conclusions or opinions of the pleader are insufficient. *Randolph* v. *State* (1928), 200 Ind. 210, 162 N. E. 656; *State* v. *Lowe* (1929), 200 Ind. 487, 164 N. E. 857; *Brown* v. *State* (1933), 204 Ind. 585, 184 N. E. 177; 22 C. J. S., Criminal Law, §§427, 430.

Tested by the above rules, it is apparent that this plea was not sufficient to abate the action, and that the demurrer was properly sustained.

Each paragraph of the plea in abatement alleges facts

which go, either directly or indirectly, to the regularity of the organization of the grand jury. We think the authorities sustain the proposition that if an accused has a suitable opportunity to attack the manner in which a grand jury is organized by way of a challenge to the array, he must do so. *Hardin* v. *The State* (1864), 22 Ind. 347; *Mershon et al.* v. *The State* (1875), 51 Ind. 14; *McClary* v. *The State* (1881), 75 Ind. 260; *Pointer* v. *The State* (1883), 89 Ind. 255; *Stipp* v. *State* (1918), 187 Ind. 211, 118 N. E. 818.

The first paragraph of the plea alleges, by way of conclusion, that the appellant had no oportunity to object to the grand jury by challenge. Such is not alleged in the second paragraph by way of conclusion or otherwise. Nowhere does the plea allege *facts* from which the court itself could determine whether the appellant could have made his objection by challenge.

It is entirely possible that a defendant who is not in jail or out on bail to await the action of the grand jury would not know that any matter involving him would be presented to the grand jury. If in jail, he might not be able to make his challenge because he has no attorney, or the means to employ one, and he himself is not brought out for the purpose. In such cases, as indicated by the above cited cases, an objection by way of plea in abatement is well grounded, and should be sustained.

But it is not enough to allege generally that the accused had no opportunity to object to the grand jury by challenge. To be good as against demurrer the plea must allege facts showing *why* the objection was not or could not have been made by challenge so that the *trial court* may determine from the *facts* alleged, whether or not the defendant did in fact have a suitable opportunity to raise the objection by way of chal-

lenge to the array. The plea under consideration does not do so, and it was, therefore, not sufficient as against demurrer, and the judgment should be affirmed.

BOBBITT, C. J.—I concur in the reasoning of the opinion by Draper, J. and in the conclusion reached therein that the judgment of the trial court should be affirmed.

### SEPARATE OPINION

GILKISON, J.—Appellant was indicted by a so-called grand jury in the Whitley Circuit Court, charging him with murder in the first degree.

Under special appearance appellant filed his plea in abatement in two paragraphs, which omitting title, verification and signature, are as follows:

*Paragraph One.*

"Ralph Verlin Leedy, defendant in the above entitled cause appears specially herein, and for answer in abatement herein, being first duly sworn upon oath, says:

"1. That the indictment returned herein was returned by a grand jury not organized in accordance and compliance with the statutes of the State of Indiana for the following reasons and in the following particulars, and that this affiant had no opportunity to object to said grand jury by challenge:

"(a) The first day of the January Term of the Whitley Circuit Court was January 7, 1952, and the names of said grand jurors were not drawn at 10:00 o'clock A.M. on the Monday immediately preceding the commencement of said term, nor at the earliest hour practicable thereafter, although no reason existed for failure to so draw said names, but said names were in truth and in fact drawn on Wednesday, December 26, 1951.

"(b) The drawing of the names of said grand jurors was not made pursuant to a written order

duly entered and publicly posted in the Clerk's office at least two hours prior to the time determined for said drawing by the Whitley Circuit Court, or pursuant to order of said Whitley Circuit Court duly entered and publicly posted in the Clerk's office at least two days prior to a time determined by said Whitley Circuit Court for said drawing.

"(c)   That no venire was directed issued by the Whitley Circuit Court for said grand jurors, nor issued for said jurors, nor was any return made of such proceedings.

"WHEREFORE, defendant asks that this action abate."

*Paragraph Two.*

"Ralph Verlin Leedy, defendant in the above entitled cause, appears specially herein, and for second paragraph of plea in abatement herein, being first duly sworn upon oath, says:

"1.   That the Jury Commissioners for the 1952 January Term were not properly selected or organized in accordance and compliance with the statutes of the State of Indiana for the following reasons and in the following particulars, namely:

"(a)   The Jury Commissioners appointed were not caused to appear and take an oath or affirmation in open court.

"(b)   No oath or affirmation was entered of record in the order books of said court.

"(c)   The Court did not instruct the Jury Commissioners concerning their duties.

"WHEREFORE, defendant asks that this action abate."

The state's separate demurrer to each paragraph of the plea in abatement was sustained.

Upon a plea of not guilty thereafter filed, appellant was tried by jury, and found guilty of murder in the second degree, as charged. A motion for new trial was overruled and final judgment was rendered from which the appeal is taken.

Among the assignments of error are that the trial court erred in sustaining the state's demurrer to each paragraphs 1 and 2 of the plea in abatement.

As to the second paragraph of the plea in abatement:

It has been well stated "that the grand jury is a constituent part or branch of the court, and that it can be organized and empowered to discharge the legal functions imposed on it only by virtue of the authority which it derives as a body of men sworn and empanelled in open court in the mode prescribed by law, . . ." *Commonwealth* v. *Bannon, Hassey & Woodman* (1867), 97 Mass. 214, 218. 24 Am. Jur., Grand Jury, §3, p. 833.

Our court frequently has stated the method provided by law to be thus:

> "From the earliest times rules and methods have been devised for drawing juries in an effort to insure the selection of disinterested jurors, and with a view to preserving the purity of the jury as an institution. Our statutory method of drawing juries was devised for the purpose of putting the selection beyond suspicion of advantage or favoritism. This result can be obtained only by a strict conformance to the requirements of the statute. . . . It is for this reason that a grand jury which is not organized in accordance with the statutory requirements is held to be an unlawful jury, and an indictment returned by such a jury will be abated." *State* v. *Bass* (1936), 210 Ind. 181, 184, 1 N. E. (2d) 927. *Walter* v. *State* (1935), 208 Ind. 231, 236, 195 N. E. 268. *Stipp* v. *State* (1918), 187 Ind. 211, 215, 118 N. E. 218. *Vattier* v. *The State* (1835), 4 Blkfd. 83, 84 et seq. *The State* v. *Herndon* (1839), 5 Blkfd. 75.

There is no presumption in a criminal case that the defendant had an opportunity to object to the grand jury by challenge, indeed the presumption is quite to the contrary. In a well reasoned decision on this point, this court has said:

"The presumption of innocence prevails in Indiana. §2137 Burns' 1914, Acts 1905, p. 642, [§9-1806 Burns' 1942 Repl.]. The protection of the innocent from unfounded prosecution, and of the state from the improper shielding of crime, either in the exercise of assumed power or through official malfeasance, can be secured only by a strict compliance with the statutory method provided for the *selection and impanelment* of grand as well as petit juries." (Our italics). *Stipp* v. *State* (1918), 187 Ind. 211, 215, 188 N. E. 218, supra.

In *Rudd* v. *State* (1952), 231 Ind. 105, 107 N. E. (2d) 168, this court quite correctly held that when there is not a substantial compliance with the statutes on the organization of grand juries the substantial rights of an indicted defendant are necessarily harmed, and the failure to so comply with the statutes is more than an irregularity, it is a reversible error. It would be quite illogical to say that because the facts appeared in evidence in the Rudd case, while they are admitted by the demurrer in the case at bar, this trifling distinction permits this court to ignore the facts so averred and admitted, and to determine the appeal on the theory that some essential fact may have been omitted from the plea. However, no essential fact is omitted from this paragraph of the plea as is fully indicated by the six cases above cited.

The statute on the selection and qualification of jury commissioners is as follows:

"The circuit court shall, during the last term beginning in each calendar year, appoint for the next calendar year two [2] persons, one of whom shall be a resident of the town or city in which the terms of the court shall be held, as jury commissioners, who shall be freeholders and voters of the county, well known to be of opposite politics, and of good character for intelligence, morality and integrity, *and cause them to appear and take an oath or affirmation in open court, to be entered of*

*record in the order-book of the court* in the following form: 'You do solemnly swear (or affirm) that you will honestly, and without favor or prejudice, perform the duties of jury commissioners during your term of office, that, in selecting persons to be drawn as jurors, you will select none but persons whom you believe to be of good repute for intelligence and honesty, that you will select none whom you have been or may be requested to select, and that, in all of your selections, you will endeavor to promote only the impartial administration of justice.' The court shall thereupon instruct them concerning their duties." §4-3301, Burns' 1946 Replacement. (Our italics.)

The trial court's intrinsic record shows that the indictment was returned on February 21, 1952. A bench warrant was issued for the arrest of the defendant on February 23, 1952 and he was arrested on that date. On February 26, 1952 Joseph R. Roe appeared specially for defendant, and on March 5, 1952, the date for the arraignment was fixed for March 15, (1952). On March 7, 1952 the first paragraph of the plea in abatement was filed. On March 19, 1952, by permission of the court, the second paragraph of plea in abatement was filed. It is thus definitely shown that each paragraph of the plea in abatement was seasonably filed. The trial court's intrinsic record is completely silent as to the fixing of, or the execution or filing of a bail bond. Since the statute requires the court to order the amount of bail bond in bailable offenses, (§9-1014, Burns' 1942 Replacement) and there is no record of this having been done in the instant case, and the statute further provides that "Murder or treason shall not be bailable when the proof is evident or the presumption strong," (§9-1015, Burns' 1942 Replacement), we know and the trial court knew as a matter of absolute verity, from the intrinsic record in the case, that from the date of his arrest to and after the date of the filing of his plea

in abatement, appellant was incarcerated in jail awaiting trial.[1] Under these conditions we know that appellant's averment in the first paragraph of his plea in abatement is true, that he "had no opportunity to object to said grand jury by challenge."

The averments of the second paragraph of plea in abatement are terse and easily understandable, they are admitted by the demurrer to be true. It is admitted that the jury commissioners which drew the grand jury that returned the indictment against appellant (a) were not caused to appear and take an oath or affirmation in open court; (b) that no such oath or affirmation was entered of record in the order books of the court; (c) and the court did not instruct the jury commissioners as to their duties.

A failure to reasonably comply with the provisions of the statute with respect to the selection and qualification of jury commissioners left the so-called jury commissioners without any authority whatever to draw a grand jury, and the grand jury drawn by them is an unlawful grand jury and an indictment returned by such a grand jury must be abated. *Stipp* v. *State* (1918), 187 Ind. 211, 215, *supra.* *State* v. *Bass* (1936), 210 Ind. 181, 184, *supra.* *Walter* v. *State* (1935), 208 Ind. 231, 236, *supra.* There are no exceptions to this rule, and if the integrity of the jury system is maintained, it must be enforced.

Sustaining the demurrer to the second paragraph of the plea in abatement is reversible error. In view of this

---

1. "It is well settled that a court will take judicial notice of its own records in the immediate case or proceeding before it and of all matters patent on the face of such records, including all prior proceedings in the same case, . . ." 20 Am. Jur. Evidence, §86, p. 104 and cases cited. *Kelly* v. *State* (1947), 225 Ind. 577, 578, 75 N. E. 2d 537, 78 N. E. 2d 666. 22 C.J.S., Criminal Law, §277, p. 413,

holding it is unnecessary to consider the ruling of the trial court on the first paragraph of the plea.

The judgment should be reversed with instructions to overrule the demurrer to the second paragraph of the plea in abatement and further action agreeable with this opinion.

## SEPARATE OPINION

EMMERT, J.—The first paragraph of appellant's plea in abatement which is set forth in full in the opinion by my Brother Gilkison, discloses gross violations of the clear provisions of §4-3320, Burns' 1946 Replacement. The demurrer by the State admits these violations. There was no substantial compliance with the statutory requirements for the drawing and impaneling of the grand jury which indicted appellant.

In *Rudd* v. *State* (1952), 231 Ind. 105, 107 N. E. 2d 168, 171, after a review of the Indiana authorities, we decided a failure to substantially comply with statutory provisions for selecting and impaneling a grand jury made an indictment returned by it subject to abatement, and said:

"Since there was not substantial compliance with the statutes on grand juries we are of the opinion that the substantial rights of appellant were harmed, both under §4-3321, Burns' 1946 Replacement, and under the test laid down in *Cooper* v. *State* (1889), 120 Ind. 377, 379, 22 N. E. 320, *supra,* and subsequent cases following its reasoning. A lack of substantial compliance is more than an irregularity. These matters were promptly presented before a plea of not guilty, and the alleged offense could have been promptly presented to another grand jury lawfully constituted before the expense of a jury trial. As was stated in *State* v. *Bass* (1936), 210 Ind. 181, 184, 1 N. E. 2d 927, 'Our statutory method of drawing juries was devised for the purpose of putting the selection beyond suspicion of advantage or favoritism.' The

only way this court has to enforce substantial compliance with the statutes on juries is to reverse when the issue is properly presented in the trial court and here."

The fact that the Rudd case, *supra*, was decided on uncontradicted evidence heard on a plea in abatement does not take this appeal at bar out of the rule of the Rudd case, for the State by its demurrer admits there was no substantial compliance as alleged by the plea.

Since this judgment will be affirmed by virtue of §2-3232, Burns' 1946 Replacement, it is not necessary to consider the second paragraph of the plea in abatement.

I would reverse the judgment.

NOTE.—Reported in 115 N. E. 2d 600.