## WILLIAMS v. THE STATE.

[No. 20,992. Filed November 26, 1907.]

1. CRIMINAL LAW.—*Plea of Not Guilty.—Former Jeopardy.—Evidence of.*—Under a plea of not guilty, evidence of a former jeopardy is admissible. p. 385.

2. SAME.—*Former Jeopardy.—Discharge by United States Commissioner.*—A discharge of the accused by a United States commissioner does not amount to an acquittal. p. 385.

3. SAME.—*Plea in Abatement.—Waiver.*—The right to plead in abatement of a criminal prosecution that the affidavit upon which the prosecution was based was filed in the circuit court while the grand jury was in session, is waived by the previous filing of a plea of not guilty. p. 386.

4. SAME.—*Plea in Abatement.—Errors in Rulings On.—How Saved.*—Alleged errors in the hearing on a plea in abatement must be raised by the filing of a motion for a new trial on such plea and by making the alleged errors reasons for such new trial. p. 386.

5. SAME.—*Informations.—Time of Filing.—Grand Jury.—Conspiracy.*—An affidavit and information for a conspiracy to commit grand larceny may be filed during the term of court, though the grand jury was in session before the filing thereof, and was subsequently convoked during the same term. p. 386.

6. SAME.—*Discharge of Co-conspirator to Testify for State.—Statutes.*—Under §2117 Burns 1908, Acts 1905, p. 584, §241, the trial court has the right, after the beginning of the trial, to discharge a codefendant co-conspirator and require him to testify on behalf of the State; and such action does not entitle remaining defendants to a discharge. p. 386.

7. TRIAL.—*Misconduct of Counsel.*—A new trial should not be granted on account of the misconduct of counsel in the argument to the jury, where the complaining party took no steps at the time to have the jury discharged or admonished. p. 387.

8. SAME.—*New Trial.—Instructions.*—No question can be raised upon an erroneous instruction, unless the giving of such instruction is made a ground for a new trial. p. 387.

9. LARCENY.—*Conspiracy to Commit.—Obtaining Money by Trick.*
—Evidence of an agreement to obtain money by artifice or trick
supports a judgment of conviction for a conspiracy to commit
grand larceny. p. 388.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Prosecution by the State of Indiana against Hiram Williams and another. From a judgment convicting Williams, he appeals. *Affirmed.*

*C. A. Taughinbaugh* and *George Whitaker,* for appellant.

*James Bingham,* Attorney-General, *E. M. White, Alexander G. Cavins* and *H. M. Dowling,* for the State.

GILLETT, J.—Appellant appeals from a judgment under which he stands convicted of the crime of conspiracy to commit grand larceny. After entering a general plea of not guilty, appellant filed a plea in abatement, on which issue was joined and a hearing had. It is contended that the court below erred in finding against appellant upon the issues thus tendered. In substance they are: (1) That defendant had been arrested and had a hearing before a United States commissioner, on a charge of attempting to sell counterfeit obligations and securities of the United States to J. J. Scott; that upon such hearing he was discharged, and that said charge related to the same transaction as was here involved; (2) that since the preliminary hearing of this cause there have been a number of sessions of the grand jury at which no indictment was returned against appellant, and that the grand jury was in session when the affidavit was filed in the circuit court.

Appellant might have offered proof of a former jeopardy under his plea of not guilty (§2069 Burns 1908, Acts 1905, p. 584, §198), so he was not injured by the ruling so far as the first ground was concerned. A discharge by a United States commissioner was not, however, equivalent to an acquittal. *In re Grin* (1901), 112 Fed. 790. The other matters set forth in the plea were waived by the prior pleading to the merits.

*Cooper* v. *State* (1889), 120 Ind. 377. Besides, the questions arising on the trial of the plea in abatement are not presented because of the failure to file a motion for a new trial as to such issues. So far as appears from the evidence, however, there was no charge pending against appellant in the circuit court when the prosecutor filed an affidavit against him, other than the preliminary affidavit on which the magistrate had bound appellant over. It also appears that when the second affidavit was filed the grand jury was not in session, but had formally adjourned, although it was subsequently convoked. In these circumstances there was the right to prosecute by affidavit. §1989 Burns 1908, Acts 1905, p. 584, §118. And see, also, under the former statute, *Elder* v. *State* (1884), 96 Ind. 162; *Lankford* v. *State* (1895), 144 Ind. 428.

Appellant's principal ground of objection to the proceedings below, raised in a variety of ways, is based on the fact that his codefendant, Joseph Studer, was discharged by the court after the two had entered upon their trial. It appears from the record that the court, while the State was upon its case in chief, pursuant to the motion of the prosecuting attorney to that effect, discharged Studer, that he might testify in said cause on behalf of the State of Indiana. Section 2117 Burns 1908, Acts 1905, p. 584, §241, provides: "When two or more persons are included in one prosecution, the court may, at any time before a defendant has gone into his defense, direct him to be discharged, that he may be a witness for the State. A defendant may also, when there is not sufficient evidence to put him on his defense, at any time before the evidence is closed, be discharged by the court for the purpose of giving testimony for a codefendant. The order of discharge shall be a bar to another prosecution for the same offense." While it may be possible that an irregular discharge of a codefendant in a conspiracy case during

the trial may have the effect of entitling the remaining defendant to his discharge (a question we do not decide), yet we are of opinion that that result should not follow where the discharge is pursuant to §2117, *supra*. The statute is not limited to any particular class of cases, and its most beneficient results are likely to be had where defendants have conspired with each other. The purpose of the discharge, as indicated by the statute, is that the defendant who receives the benefit of the order "may be a witness for the State." The issue remains the same notwithstanding the discharge, and we are of opinion that we would be thwarting the legislative purpose should we engraft an exception upon the statute in favor of a co-conspirator. See *Bradshaw* v. *Territory of Washington* (1887), 3 Wash. Ter. 265, 14 Pac. 594; *Weber* v. *Commonwealth* (1903), (Ky.), 72 S. W. 30. The codefendant testified for the State in this case, and the action of the court is not open to review.

Appellant's counsel contend that he was entitled to a new trial because of certain statements made by the prosecuting attorney in addressing the jury. It does not 7. appear that appellant took any steps during the trial to have the court rectify the mischief, by moving to have the submission set aside or to have the jury admonished. The case is therefore one in which appellant has taken the chance that the result would be favorable to him, while attempting to hold a point in reserve to undo the verdict if unfavorable. This he cannot do. *Coleman* v. *State* (1887), 111 Ind. 563; *Coppenhaver* v. *State* (1903), 160 Ind. 540; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617.

Complaint is made of the refusal to give certain instructions. This was not made a ground for a new trial. 8.

Appellant's counsel assert that while they do not contend "but that he [appellant] entered into an undertaking

with Studer in Ohio to bunco some citizen out of his
9. money," yet the evidence does not show a conspiracy
to commit grand larceny. The Attorney-General asserts that there is nothing to show that it was any part of the plan of the conspirators to decoy their prospective victim to a particular place. Appellant's counsel have failed to point out any such evidence, and we have not discovered it in examining the bill of exceptions. If there was an agreement between the defendants that an attempt should be made by them to procure, *animo furandi,* the money by a trick or artifice, we are of opinion that the underlying offense was a conspiracy to commit grand larceny. See *Grunson* v. *State* (1883), 89 Ind. 533, 46 Am. Rep. 178; *March* v. *State* (1899), 117 Ind. 547; *Fleming* v. *State* (1894), 136 Ind. 149; *Towns* v. *State* (1906), 167 Ind. 315. And this would be true although there was, as a mere subsequent incident of the consummation of the crime, an attempt upon the part of appellant to induce or persuade the owner of the money to meet him at a particular place. The evidence supported the verdict, and the conviction was just.

Judgment affirmed.