## ESHELMAN *v.* STATE OF INDIANA.

[No. 25,832. Filed February 4, 1930.]

*Wiles, Springer & Roots* and *G. Andrew Golden,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was charged by an indictment with selling intoxicating liquor in violation of Acts 1925, ch. 48, §4, §2717 Burns 1926. On December 13, 1928, he was arraigned (apparently without counsel) and entered a plea of not guilty. On December 24, 1928, by leave of court (on motion of his counsel) he was permitted to withdraw his plea of not guilty and file a plea in abatement. The plea in abatement was "overruled," whereupon appellant entered a plea of not guilty, and a trial by the court resulted in a finding of guilty and a judgment of six months' imprisonment at the Indiana State Farm and a fine of $100, and costs.

Error is assigned in the overruling of appellant's plea in abatement. This is assigned independently as error, and it is also given as a reason in his motion for a new trial, the overruling of which is assigned as error. Where there has been a trial of issues raised by a plea in abatement, questions arising thereon must be presented by a motion for a new trial as to such issues. *Williams* v. *State* (1907), 169 Ind. 384, 386, 82 N. E. 790; *Johnson* v. *State* (1929), *ante* 264, 176 N. E. 531; *Pleak* v. *State* (1929), *ante* 274, 167 N. E. 524. In the case at bar, there was no trial of issues on the plea

in abatement, and we hold that the action of the court in overruling the same is properly presented by the independent assignment, the error alleged therein being based upon a ruling which preceded and was made by way of preparation for the trial of the case.

The appellee contends that such a plea was properly overruled (and should, on motion, have been struck out) because "an answer in abatement must precede and cannot be pleaded with an answer in bar." §389 Burns 1926. (This section of the Civil Code must be followed in presenting a plea in abatement, since no procedure is outlined therefor in our Criminal Code. §2406 Burns 1926.) After a defendant has entered a plea of not guilty (which is an answer in bar), he cannot file a plea in abatement, since a person who pleads matter in abatement must plead it in accordance with the statutory command. *Biddle* v. *State* (1927), 199 Ind. 284, 287, 157 N. E. 280. But it has long been held that it is within the discretion of a trial court to permit a plea in bar to be withdrawn and to give leave to file a plea in abatement, *Morgan & Co.* v. *White* (1885), 101 Ind. 413; and a trial court, in the exercise of its sound discretion, may, in a criminal case, grant leave for a plea of not guilty to be withdrawn (see 2 Wharton, Crim. Proc. [10th ed.] §1354), and, when such plea is withdrawn, and a plea in abatement is filed, the plea in abatement is not "pleaded with an answer in bar," nor can it be said strictly that it is "preceded" by the answer in bar that was withdrawn.

A different, and we believe a less reasonable and possibly an erroneous, view was taken in the civil cases of *Watts, Trustee,* v. *Sweeney* (1891), 127 Ind. 116, 26 N. E. 680, 22 Am. St. 615, and *Brink* v. *Reid* (1890), 122 Ind. 257, 23 N. E. 770, where it was held that a plea in abatement would be struck out on motion, as being filed after a plea in bar, even though the plea in

bar was withdrawn, by leave of court, for the purpose of filing such plea in abatement. It was recently held by this court in *Price* v. *State* (1929), *ante* 460, 168 N. E. 579, that the rule stated in the cases just cited was not a hard and fast one, and that, if a showing was made to the trial court that a defendant was ignorant of the facts exhibited in the plea in abatement at the time of answering in bar, and that, upon learning such facts, he promptly brought them to the attention of the court, the court might allow him to withdraw his plea in bar, in the exercise of its sound legal discretion, which discretion is reviewable on appeal.

In the case at bar, there is nothing in the record to indicate what showing of facts was made to the trial court upon which it granted appellant permission to withdraw his plea of not guilty and file his plea in abatement, but the legal presumption is in favor of the court's ruling, and, in the absence of a showing to the contrary, we will assume that the court had before it such a showing as justified its action.

Appellant's verified plea or answer in abatement alleged that he was indicted December 5, 1928, by the grand jurors for the September term, 1928, of the Fayette Circuit Court, for a misdemeanor alleged to have been committed by him in Fayette County on November 7, 1928; that six persons were legally drawn by the jury commissioners to serve as grand jurors and a seventh person was drawn as a special venire to serve as a grand juror, but that, on October 23, 1928, the day the grand jury was empaneled, one of the seven men whose names were drawn "was not a qualified grand juror and was excused for good cause shown from service on said grand jury," and that it was further discovered that another of the seven "was incapable of serving upon said grand jury by reason of ill health; that thereupon the judge of the Fayette Circuit Court ordered and di-

rected the sheriff to fill the vacancy on said grand jury," that thereupon the sheriff called a bystander, who was sworn and accepted as a grand juror by the court, without calling the jury commissioners together and drawing another grand juror; that appellant had no opportunity to object to the grand jury by challenge, and that, by reason of the facts above set out, the indictment was void and the action should abate. This plea in abatement is bottomed on the case of *Stipp* v. *State* (1918), 187 Ind. 211, 118 N. E. 818, which held that Acts 1909, ch. 43, §1, §580 Burns 1926, applied to the organization of grand juries as well as petit juries; that a strict compliance with the statute is necessary, and that, where a member of the regular panel is excused from service for the term of court, his successor must be selected by the clerk drawing names from the jury box.

The appellant asserts that the court ruled on the plea in abatement without affording him an opportunity to offer evidence in support thereof, but there is nothing disclosed by the record showing that an issue of fact was tendered to the plea. Appellant saved his exception to the ruling or finding of the court, which was: "And the court having seen and examined said plea in abatement and being duly and fully advised in the premises, now *overrules* said plea in abatement."

The record of the drawing of the names of the prospective grand jurors, their being examined and sworn, and their returning an indictment in this case, is all in the transcript, and an examination of the same discloses that the material allegations of the plea in abatement are borne out by the record.

The appellee contends that this record of the drawing of the grand jurors who returned this indictment, etc., must be presented by a special and separate bill of exceptions, and, not having been so presented, such matter is not properly before this court.

The appellant, in his *praecipe* directing the clerk to prepare a transcript of the record for appeal, in addition to the enumeration of items usually asked for, requested him to include therein "the civil order-book entries showing the drawing and empaneling of the grand jury for the September term, 1928, of said Fayette Circuit Court which returned the indictment in this cause." In response to this *praecipe*, the clerk included the matter in controversy in the transcript of the record, and we hold that the same is properly before us (although we do not hold that this was the only method by which it could have been properly presented).

The record shows that the court, upon examination of the seven men drawn for grand-jury service as to their qualifications to serve as grand jurors, found that one was not a qualified householder or freeholder of Fayette County and that the one chosen as a special venire for emergency purposes as such grand juror was "unable at this time to perform such service, and the court now orders the sheriff . . . to fill the vacancy in said grand jury." Then follows the statement that, "upon due examination under oath as to their qualifications, [the court] now accepts said grand jurors, as follows: (naming them, and appointing a foreman) and said grand jurors are now duly and legally empaneled, sworn and charged, and now retire to their room to discharge their duties as such grand jurors." In filling such a vacancy as occurred in this grand jury, it is necessary that the court follow the provision of §580 Burns 1926, and notify the clerk of the circuit court, and for the clerk to immediately proceed to draw from the jury box the number of names required. The provisions of the statute, not having been complied with, it follows that the grand jury was not legally organized and that the

plea in abatement should have been sustained.[1]

The judgment is reversed, with directions to the trial court to sustain the plea.

---

[1] The writer does not agree with that portion of the opinion of the court which holds that the record contains a showing of facts sufficient to abate the prosecution. I believe that, notwithstanding the decision in *Stipp* v. *State, supra,* a plea in abatement on the ground that there were irregularities in the selection or constitution of the grand jury to be good must allege facts showing that the defendant's rights were prejudiced by such irregularities. This court, in its consideration of all questions upon the appeal of criminal cases, is required by statute to disregard technical errors and defects, or exceptions to any decision or action of the trial court, which did not, in the opinion of this court, prejudice the substantial rights of the defendant (§2394 Burns 1926), and if there is no charge that the grand jury was composed of disqualified persons, or that the irregularities were prejudicial to the

substantial rights of the defendant, or that there was fraud or corruption in the selection of the grand jury, no cause for abating the action has been alleged. *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; *Sage* v. *State* (1891), 127 Ind. 15, 26 N. E. 667; *Meiers* v. *State* (1877), 56 Ind. 336; *Ward* v. *State* (1874), 48 Ind. 289; *Hardin* v. *State* (1864), 22 Ind. 347; *Shattuck* v. *State* (1859), 11 Ind. 473; 16 C. J. 409. *Stipp* v. *State, supra,* sought to avoid the force of three of the cases just cited by stating that they invoke a rule of legislative origin, that the statute is no longer in effect, and that the common-law principle was otherwise. *Vattier* v. *State* (1835), 4 Blackf. (Ind.) 73; *State* v. *Herndon* (1839), 5 Blackf. (Ind.) 75; and *Shattuck* v. *State, supra,* there relied upon, do not support the court in its statement. See *Agnew* v. *United States* (1897), 165 U. S. 36, 17 Sup. Ct. 235, 41 L. Ed. 624, and cases cited.

I further believe that the Legislature did not intend Acts 1909, ch. 43, §1, §580 Burns 1926, to apply to grand juries as well as petit juries, as held in *Stipp* v. *State, supra.*