# Green v. Commonwealth.
(Decided June 9, 1936.)

E. J. PICKLESIMER for appellant.

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The grand jury of Pike county indicted Rosa Green, Pearl Green, Luther Chapman, and Mrs. Luther Chapman for the offense of confederating and banding themselves together for the purpose of intimidating, alarming, disturbing, or injuring another. The indictment was quashed as to Pearl Green on the ground that she was under sixteen years of age. On the trial of the other defendants, Luther Chapman and Mrs. Luther Chapman were acquitted, and Rosa Green was convicted and her punishment fixed at imprisonment for one year. Rosa Green appeals.

The evidence briefly stated is as follows: Rosa Green is the mother of Pearl Green and Mrs. Luther Chapman, and all of them, together with Luther Chapman, occupied the same home. In the month of August, 1935, Pearl Green received a whipping at the hands of her teacher, Miss Jack Palmer, for smoking a cigarette. On her return home from school Pearl told her mother and older sister what had occurred, and showed them the marks on her body. The following morning Mrs. Green, together with Pearl and the Chapmans, went to the school house, Luther Chapman stopping some distance away. On the arrival of Miss Palmer appellant accosted her and asked why she had been whipping her daughter. Appellant took hold of Miss Palmer and began pulling her toward the school house. After entering the school house, appellant assaulted Miss Palmer, and according to Miss Palmer, Mrs. Chapman held her hands while appellant struck her five or six times in the face. Appellant never hit her with anything except her hand, and Mrs. Chapman never hit her at all, but held her. On the other hand, all the defendants, including Pearl Green, denied any agreement or conspiracy to injure Miss Palmer, and further testified that their mother was the only person who struck Miss Palmer, or had anything to do with the trouble.

It is insisted on behalf of appellant that, inasmuch as her alleged coconspirators were either acquitted or discharged under circumstances amounting

to an acquittal, her conviction is a repugnancy on the record requiring that it be set aside. Conspiracy is the essential element of the crime of confederating for the purpose of intimidating, alarming, or disturbing another. Alsbrook v. Commonwealth, 243 Ky. 814, 50 S. W. (2d) 22. From the very nature of the crime, a conspiracy cannot be committed by one person alone, but must be committed by two or more persons. For this reason, it is the general rule that one defendant charged with the crime of conspiracy cannot be convicted where the disposition of the case against all of his alleged coconspirators is such that the basis of the charge of conspiracy is removed. Abbott, C. J. Rex v. Cook, 5 Barn. & Cress. 538; King v. Plummer, 2 K. B. 339, 4 B. R. C. 917; Rex v. Duguid, 75 L. J. K. B. 470, 70 J. P. 294; Williams v. State, 169 Ind. 384, 82 N. E. 790. Here appellant, her younger daughter, Pearl, and the two Chapmans were charged with the conspiracy. Though there was some evidence tending to show a conspiracy between appellant and her daughter, Mrs. Chapman, the jury disbelieved that evidence and found both Mr. and Mrs. Chapman not guilty. This was a finding that there was no conspiracy between appellant and Mrs. Chapman, or between appellant and Mr. Chapman, and, if the Chapmans were the only other persons charged with the conspiracy, their acquittal would entitle appellant to have her conviction set aside. But there was one other alleged conspirator, the daughter Pearl. The indictment against her was dismissed on the sole ground that she was under the age of sixteen years, and that being true the dismissal was not equivalent to an acquittal. However, it was not shown by any evidence, direct or circumstantial, that Pearl and her mother conspired to alarm, intimidate, or injure Miss Palmer. Hence, appellant, though not entitled to be discharged on the ground that her alleged coconspirators were either acquitted or discharged under circumstances amounting to an acquittal, is entitled to a new trial on the ground that two of her alleged conspirators were acquitted, and there was no evidence of a conspiracy between appellant and the other alleged conspirator.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.