STATE EX REL. ROSE *v.* WORDEN, SPECIAL JUDGE

[No. 27,217. Filed November 6, 1939.]

*Voor, Jackson & Grant,* and *Alvin W. Johannes,* for relator.

ROLL, J.—This is an original action filed in this Court by relator, Jay S. Rose, wherein he seeks a writ of prohibition and an order of mandate against respondent.

Upon presentment, a temporary writ of prohibition issued. Respondent thereafter filed his response, and the question is now, shall the writ be made permanent.

The facts presented show that one J. C. Weer and relator were jointly indicted for conspiracy to commit a felony; that relator appeared specially and filed his verified plea in abatement to which the State of Indiana filed an answer in general denial. A hearing was had upon the plea in abatement; evidence was heard thereon, and thereafter the Court made its finding and entered judgment to the effect that "the action shall not abate," to which ruling relator excepted. Relator filed his motion for a new trial on his plea in abatement within the time fixed by the Court. The Court has never made any ruling upon this motion.

Relator's co-defendant, J. C. Weer also filed a plea in abatement which the Court denied, and also over-ruled said Weer's motion for a new trial. Said Weer then filed a motion to quash the indictment which was also overruled. At the request of the prosecuting attorney, the case was set down for trial. Weer filed a motion and affidavit for a change of venue from Dan Pyle, the duly elected and presiding judge of the St. Joseph County Circuit Court, which was granted and respondent Wirt W. Worden was duly selected special Judge. He afterwards qualified and assumed jurisdiction over said cause. The setting of the case for trial by the said Dan Pyle, and the motion for a change of venue were all without the knowledge of relator herein.

Special Judge, Wirt W. Worden, after he qualified and assumed jurisdiction of said cause, set the same for a jury trial for April 3, 1939.

It appears that the case was first set for trial by Judge Pyle on February 23 for February 27. On February 24, Weer filed his motion and affidavit for a change of venue from the Judge. Respondent, Wirt W. Worden, qualified on March 3, 1939, and set the case for trial for April 3, 1939. On March 8, 1939, after the change of venue had been taken, and after the special judge had qualified and assumed jurisdiction, relator appeared in the St. Joseph Circuit Court, and before the regular Judge Dan Pyle, and filed his motion for a new trial and asked that he be granted until April 18, 1939, to file his bill of exceptions. The Court noted on his minutes the filing of relators motion for a new trial, and granted time within which to file bill of exceptions. It is alleged that on the 8th day of March, 1939, relator herein discovered that his co-defendant had filed his application for a change of venue; that the same had been granted and perfected, and that respondent herein had been selected and had qualified as special judge, and assumed jurisdiction of the cause. Upon discovery of said facts, this relator appeared specially before the respondent Wirt W. Worden, and filed a verified motion to have said cause remanded to the regular judge for further proceedings on his motion for a new trial. This motion was denied.

Relator then files this action in this Court asking that the respondent be prohibited from taking any further action, and that he be ordered to remand said cause to the regular judge for the reason that the special judge never obtained jurisdiction in this case.

It has recently been held by this Court that a change of venue, obtained by one of two or more co-defendants,

does not work a severance of the trial of said cause. *State ex rel. Flarety et al.* v. *Erimston, Special Judge,* (1935) 209 Ind. 117; *Shockley* v. *State* (1924) 194 Ind. 321. So it could not now be said that the granting of a change of venue upon the application of the co-defendant Weer affected a separate trial.

It is equally well settled that the proper way to save and present errors in a trial on issues formed on a plea in abatement is by filing a motion for a new trial. *Williams* v. *State,* 169 Ind. 384; *Johnson* v. *State,* 201 Ind. 475; *Pleak* v. *State,* 201 Ind. 274. It has also been stated that the judge who heard the evidence is the proper judge also to pass upon and sign a bill of exceptions.

This question was discussed by this Court in the case of *Shugart et al.* v. *Miles et al.* (1890) 125 Ind. 445. The question in that case was presented by a challenger to the bill of exception as a part of the record because it was contended that a judge acting under a special appointment from the regular judge has no power to sign a bill of exceptions after the close of the term for which he was appointed. In discussing the question the Court said:

"There is no break in the line of connection between the matters which occur during the time the special judge has full jurisdiction of the cause, and the signing of a bill of exceptions, for the reason that leave to take and file a bill tendered in compliance with the leave granted is no more than the legitimate consummation of the order which the special judge had full authority to make. None other than the special judge can rightfully make the order, and it is inseparably woven with the proceedings controlled and directed by him. The order of granting leave to file a bill, and the signing of the bill, are in effect but parts of one completed whole. Unless there be authority to complete what

has been ordered, the order is fruitless and vain. No order which a judge, regular or special, has authority to make, can be justly regarded as a mere barren declaration. To hold that the regular judge must sign the bill is to affirm that one judge, who has personal knowledge of the facts, shall make the order for the statement of those facts by another judge who personally knows nothing at all of the facts. Such a result is clearly opposed by reason and justice. Its vice is exposed in its intensity when it is brought to mind that the statements of a bill of exceptions import absolute verity. If our reasoning is not fallacious it would seem to logically follow from the premises it establishes that it is not within the power of the Legislature to deprive a judge, regular or special, who holds his position under the Constitution and the laws, of the right to settle and sign bills of exceptions ordered in cases rightfully tried by him; * * *"

This position was again affirmed in the case of *State ex rel. Youngblood* v. *Warrick Circuit Court et al.* (1935) 208 Ind. 594.

If it is the law, as it appears to be, that the judge who presides at the trial and hears the evidence and observes the witnesses, is the proper judge to sign a bill of exceptions (except in cases pointed out in the Shugart case *supra*) it must necessarily follow that he is the judge to hear and pass upon a motion for a new trial. This must follow because, a motion for a new trial, in many cases, precedes the filing and signing of a bill of exceptions. There is more reason for holding that the judge who heard the evidence should pass upon a motion for a new trial than there is for holding that the judge who heard the evidence should sign the bill of exceptions.

In passing upon a motion for a new trial the judge must, in many instances, weigh the evidence which may depend upon the demeanor of the witnesses while testifying etc. All of which is within the peculiar

knowledge of the presiding judge, and which would come secondhanded to the special judge in the event he should pass upon the motion for a new trial. In this case, relator insists that he had a right to have the regular judge, who heard the evidence, pass upon, his motion for a new trial, and, in the event said motion is overruled, to settle and sign the bill of exceptions. No special judge is in as good a position to do this as the judge who presided at the trial. Could it be said that after a case had been heard, a verdict returned, and a motion for a new trial filed, that a party to said action could then file a motion and affidavit for a change of venue and have a special judge appointed to hear the motion for a new trial and sign a bill of exceptions? We think the answer is obvious. It would then be too late to obtain a change of venue under such circumstances. We think the facts here present substantially the same question. Our statute provides that:

> "An answer in abatement must precede, and cannot be pleaded with an answer in bar, and the issue thereon must be tried first and separately." Sect. 2-1034 Burns' Ind. St. 1933. Acts 1881 (Spec. Sess.) Ch. 38, § 116, p. 240.

It will be observed that under the statute a separate trial is provided for, and as pointed out above, a motion for a new trial and filing a bill of exceptions are recognized procedure, the same as in the main action. If therefore a party in the main action could not file a motion and affidavit for a change of venue after the trial and pending a ruling on a motion for a new trial, it would likewise appear reasonable that one of two or more joint defendants could not file a motion and affidavit for a change of venue and obtain a change when there is pending a motion for a new trial on a plea of abatement.

While it might be that co-defendant Weer had the naked right to file his affidavit and motion for a change of venue at the time he filed the same, we are convinced that he had no right to a change until the motion for a new trial had been disposed of in the event such a motion had been filed, or until the time for the filing of such a motion had expired, or the filing of the same had been waived. To hold otherwise would give one co-defendant the power to deprive the other defendants of a substantial right, to-wit, to have the judge who heard all the evidence, and was fully informed, to pass upon his motion for a new trial, and sign his bill of exceptions. Therefore the pretended change of venue was of no effect, and conferred no jurisdiction upon the special judge, the respondent herein: that said special judge should have remanded said cause to the regular judge for further proceedings upon the motion for a new trial.

The temporary writ of prohibition is therefore made permanent, and said respondent, Wirt W. Worden, is directed to remand said cause to the regular judge of the St. Joseph County Circuit Court for further proceedings on relator's motion for a new trial.