HOOSER, ET AL. *v.* OSTIEN, INDIVIDUALLY AND AS MEMBER, ETC., BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN, ET AL.

[No. 18,833. Filed March 23, 1956.]

*George Rose,* of Indianapolis, for appellant.

*Edward B. Henslee, John J. Naughton, Henslee, Monek & Murray* of Chicago, Illinois, and *Ralph Hamill* and *Robert Hollowell,* of Indianapolis, for appellees.

ROYSE, C. J.—Appellant brought this action against appellees for a temporary restraining order without notice, a temporary injunction on hearing, and on final hearing a permanent injunction. The trial court issued a temporary restraining order without notice. Subsequently each of the appellees filed their plea in abatement on the grounds the court did not have jurisdiction over the subject-matter of the action. Answers were filed by appellant. Trial was had on the issues formed. Evidence was introduced. The trial court entered judgment abating the action.

Appellant has attempted to appeal from that judgment. His assignments of error here are as follows:

1. "The court erred in sustaining the appellee's pleas in abatement to the jurisdiction of the court to grant an interlocutory order."

2. "The court erred in denying the appellant's petition for an interlocutory order in the form of a temporary injunction."

3. "The judgment of the court is contrary to law."

Appellees have filed their motion to dismiss this appeal on the ground the assignments of error present no question here.

It is a well-settled rule that where there has been a trial of the issues raised by a plea in abatement, questions arising thereon must be presented by motion for a new trial. *State ex rel. Rose* v. *Worden, Special Judge* (1939), 216 Ind. 83, 86, 23 N. E. 2d 264; *Eshelman* v. *State* (1930), 201 Ind. 475, 477, 169 N. E. 861; *Williams* v. *State* (1907), 169 Ind. 384, 386, 82 N. E. 790. The first assignment presents no question.

As heretofore indicated, the judgment herein abated the action. There was no judgment granting or denying a temporary injunction. Therefore, no question is presented by the second assignment.

The third purported assignment is not proper as an independent assignment of error. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Vol. 2, p. 156, §2386, Comment 2, and authorities there cited.

Therefore, the appeal must be dismissed.

NOTE.—Reported in 133 N. E. 2d 83.