George F. Roberts, J,
The defendant was charged by prosecutor’s information, filed at the direction of the Grand Jury, with conspiracy in the third degree, criminal solicitation *276 in the second degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of a hypodermic needle.
Defendant now moves to inspect the Grand Jury minutes and for dismissal of the prosecutor’s information.
The motion to inspect the Grand Jury minutes is granted to the extent that the court has read and examined them.
Defendant, by his moving papers, attacks only that count charging him with conspiracy in the third degree. He argues that since the police officers who "agreed” to help him commit the acts upon which the conspiracy count is based never intended to commit the proposed criminal acts, and since conspiracy requires a common corrupt intent in the minds of two or more persons, the People failed to make out a prima facie case on that count. The cases of People v Bauer (32 AD2d 463), and People v Mackell (47 AD2d 209) are cited in support of this position.
In Bauer, where one of the conspirators was acting with the knowledge and under the direction of the District Attorney, the court stated (p 466): "It is well established that to constitute the crime of conspiracy there must be a corrupt agreement between two or more individuals entered into with a criminal intent to do an unlawful act”.
People v Mackell (supra), which the defendant also cites, is distinguishable from the instant case on its facts.
However, that rule has since been changed by section 105.30 of the Penal Law, which did not become effective until September 1, 1967, nearly two years after the facts constituting the alleged conspiracy in Bauer occurred.
According to section 105.30: "It is no defense to a prosecution for conspiracy that, owing to criminal irresponsibility or other legal incapacity or exemption, or to unawareness of the criminal nature of the agreement or the object conduct or of the defendant’s criminal purpose or to other factors precluding the mental state required for the commission of conspiracy or the object crime, one or more of the defendant’s co-conspirators could not be guilty of conspiracy or the object crime.” (Emphasis added.)
It is this court’s understanding of section 105.30 that the phrase "other factors precluding the mental state required for the commission of conspiracy or the object crime” applies to *277 the case at bar. Therefore, as to the count of conspiracy, the motion to dismiss is denied.
As to the other counts, the motion to dismiss is also denied. Competent and admissible evidence before the Grand Jury provided reasonable cause to believe that the defendant committed these offenses.