Earl TRENT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Opinion Rendered Oct. 3, 1980.
Ordered Published Oct. 10, 1980.

Jack Emory Farley, Public Advocate of
Kentucky, Frankfort, for appellant; Wil-
liam H. Mohr, Sullivan, Jacobs & Mohr,
Lexington, of counsel.

Steven L. Beshear, Atty. Gen., Patrick B.
Kimberlin, III, Asst. Atty. Gen., Frankfort,
for appellee.

Before HAYES, C. J., and GANT and
WINTERSHEIMER, JJ.

HAYES, Chief Judge.

Earl Trent was convicted in December of
1979 of second degree assault for shooting a

man named Shaun Mitchell with a shotgun. On appeal he argues that the jury was improperly selected, the court should have given an instruction on third degree assault, and the prosecutor's closing argument was unfairly prejudicial.

■ A panel of twenty–five prospective jurors was seated and examined as a group. The court announced that after counsel exercised their strikes the top twelve remaining on the panel would become the jury. This method is practically identical to the method which was held to be reversible error in *Robertson v. Commonwealth*, Ky., 597 S.W.2d 864 (1980). In *Robertson*, the court held that this method violated RCr 9.30(1) and KRS 29A.060.

The Commonwealth contends that the jury selection method which was used is now permissible under amendments to the criminal rules which were effective January 1, 1980, and that it would be senseless to remand for a new trial because the result would be a trial using the same jury selection method. The Commonwealth cites RCr 9.32, which states that CR 47.02 shall apply in criminal cases. However, this rule relates to selection of alternate jurors and is not relevant to the case before us.

The relevant rule is RCr 9.36, which states that CR 47.03(2) and (3) shall apply to peremptory challenges in criminal cases. Under this rule each side is given a list of qualified jurors "equal to the number of jurors to be seated plus the number of allowable peremptory challenges for all parties." The trial court chose the correct number by adding the twelve to be seated and the eight peremptory challenges which the defendant could exercise and the five peremptories which the Commonwealth could exercise, for a total of 25.

However, the court deviated from the rule by announcing that after both sides had exercised their peremptory challenges the court would select the top twelve to be the jury. This meant that counsel knew in advance who the replacement would be if counsel struck a juror. This violated CR 47.03(3), which calls for random selection of the jury where more than twelve potential

jurors remain after all sides have exercised their peremptory challenges. If the court had used random selection it would be an exercise in futility to send the case back for a new trial using the same jury selection method. However, in view of the court's failure to use random selection we must reverse and remand for a new trial using the proper jury selection method.

■ We are aware of KRS 29A.060, which prescribes a certain method of jury selection. The latest revision of the rules of procedure appears to have resulted in jury selection rules which differ from the statute. However, to the extent there is a conflict, it must be resolved by following the rules rather than the statute. The power to fix the method of jury selection is inherently one for the courts and not the legislature. "Rules of practice and procedure are, fundamentally, matters within the judicial power and subject to the control of the courts ..." Courts "deny the right of legislative dominance in matters of this kind." *Arnett v. Meade*, Ky., 462 S.W.2d 940, 946 (1971), quoting *Burton v. Mayer*, Ky., 118 S.W.2d 547, 549 (1938).

■ For the guidance of the trial court on retrial, we have considered Trent's argument that he was entitled to an instruction on third degree assault. An instruction on a lesser included offense should not be given unless the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged but conclude that he is guilty of the lesser included offense. *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75, 78 (1977). Trent argues that there was evidence from which the jury could have concluded that Mitchell's injury was not serious or that Trent shot Mitchell recklessly rather than intentionally or wantonly. Under either conclusion Trent would be guilty of third degree assault under KRS 508.030, rather than second degree assault under KRS 508.020.

■ We find no evidence to support either conclusion. The evidence as to the seriousness of the injury was that buckshot from the shotgun blast had gone through

Mitchell's elbow and forearm, requiring 29 days of hospitalization and five operations and the replacement of three inches of his bone by a steel plate. As a result of the shot, Mitchell also sustained muscle and nerve damage and cannot move his fingers. There was no evidence that Mitchell was not seriously injured.

We turn now to the issue of whether Trent shot Mitchell recklessly rather than intentionally or wantonly. Mitchell testified that Trent stuck the shotgun through the window of Mitchell's car and fired it at him. Trent testified that he fired the gun wildly without aiming. Under either version of the facts Trent's conduct was either intentional or wanton. Under KRS 501.020(1) a person acts intentionally with respect to a result or conduct when his conscious objective is to cause that result or engage in that conduct. Mitchell's testimony is evidence under this standard that Trent shot him intentionally. Under KRS 501.020(3) a person acts wantonly with respect to a result or circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or the circumstance exists. Trent's own testimony is evidence under this standard that he shot Mitchell wanton-ly. There was no evidence that Trent's conduct was anything other than intentional or wanton. For these reasons Trent is not entitled to an instruction on third degree assault if the same evidence is introduced at the retrial.

Trent also claims that the closing argument of the Commonwealth was unfairly prejudicial. However, this issue is not properly before us, because appellant failed to object until after the prosecutor had concluded his argument, and thus failed to preserve these alleged errors for review. In any event, we trust that on retrial the Commonwealth will not engage in any improper argument.

The judgment is reversed and the case is remanded to the circuit court for a new trial.

All concur.