COMMONWEALTH of Kentucky, Appellant/Cross–Appellee,

v.

John R. SEGO, Sr., Appellee/Cross–Appellant.

Nos. 92–SC–1062–DG and 93–SC–305–DG.

Supreme Court of Kentucky.

Jan. 31, 1994.

As Modified on Denial of Rehearing April 21, 1994.

Chris Gorman, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellant.

J. David Niehaus, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, Daniel T. Goyette, Jefferson Dist. Public Defender of counsel, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment of conviction against Sego for conspiracy to commit second-degree arson. He was sentenced to seven years in prison but was probated for a term of five years.

The specific issues are whether an undercover police agent can be a party to a conspiracy and whether an indicted conspirator becomes a non-conspirator by pleading guilty to a lesser charge. The Court of Appeals answered both questions in the negative and reversed the conviction by relying on KRS 506.070(3) to the effect that a defendant cannot be convicted of conspiracy if all of the co-conspirators have been acquitted or discharged under circumstances amounting to acquittal.

In June of 1990, Sego and an undercover agent of the United States Bureau of Alcohol, Tobacco and Firearms reached an agreement under which Sego accepted $2,490 to burn a house. Shortly after he received the money,

Sego and a companion were arrested. Both were indicted for conspiracy and complicity to commit second-degree arson. The companion pled guilty to facilitation to commit second-degree arson. He was sentenced to three years' probation in exchange for his testimony against Sego.

At trial, Sego testified that he intended to report the undercover agent to police and he did not intend to set a fire but rather to take the money and leave town. Upon conviction of conspiracy to commit second-degree arson, Sego appealed to the Court of Appeals which reversed. This Court accepted the motion of the Commonwealth for discretionary review.

The Court of Appeals held that Sego was entitled to a directed verdict of acquittal because an undercover agent cannot be a party to conspiracy and an indicted conspirator becomes a non-conspirator by pleading guilty to a lesser charge. The panel did not reach the other issues raised by Sego on his appeal as a matter of right. We granted a cross-motion bringing the other issues before the Court of Appeals to this Court.

■ Sego was not entitled to a directed verdict of acquittal because his codefendant entered a plea to the offense of facilitation, and the fact that his other co-conspirator was a police agent did not mean that he was "discharged under circumstances amounting to an acquittal" so as to entitle Sego to an acquittal under KRS 506.070(3). Sego was not entitled to a directed verdict of acquittal pursuant to KRS 506.070(2) because it is not a valid defense that his co-conspirator, a police agent, did not truly agree to the conspiracy.

Criminal conspiracy at common law traditionally has been considered as an agreement to accomplish an unlawful act involving two or more persons· sharing a "bilateral" or "multilateral" relationship. Some courts required proof that at least two of the conspirators were actually guilty of the conspiracy. The commentary to KRS 506.070 points out that one of the problems with this analysis is that no conspiracy can exist if one of the parties is irresponsible or innocent. However, the Model Penal Code indicates that the actor's liability is not affected by such factors and are extraneous to culpability. Model Penal Code, Commentaries, § 5.04, Explanatory Note (1985).

■ The legal incapacity of a co-conspirator will not exonerate the associate. It is of no consequence in the prosecution of criminal conspiracy that a co-conspirator of the actor could not be guilty of the crime which is the objective of the association because of a lack of intent.

KRS 506.070(2)(a)–(c) makes a defendant's criminal culpability dependent upon his or her own conduct rather than that of his or her associates. KRS 506.070(2) is substantially the same as the New York Penal Code § 105.30 which provides that it is not a defense to a conspiracy prosecution that the other party may lack the necessary "mens rea" or criminal intent for an agreement. *See People v. Lanni,* 95 Misc.2d 4, 406 N.Y.S.2d 1011 (1978); *People v. Cardosanto,* 84 Misc.2d 275, 375 N.Y.S.2d 834 (1975).

■ KRS 506.070(3) is an exception to the rule in KRS 506.070(2). However, it cannot be used to except a conspirator from a conviction if the co-conspirator is otherwise exempt from culpability or prosecution under KRS 506.070(2).

KRS 506.070(3) must be read consistent with *Green v. Commonwealth,* 264 Ky. 725, 95 S.W.2d 561 (1936), which noted that a criminal conspirator is not entitled to dismissal of the charges simply because the co-conspirators have not been convicted. In *Green, supra,* dismissal was required because all the co-conspirators subjected to trial had been acquitted and there was no evidence introduced that she otherwise conspired with the named conspirators not subject to trial. In our view, the rule emanating from *Green* does not encompass co-conspirators not subject to prosecution under indictment.

■ The traditional rule of *Green,* as enacted in KRS 506.070(3) should not be applied in this case because the federal agent did not and will not face prosecution. KRS 506.070(3) requires acquittal or dismissal, not merely non-prosecution.

The plea bargain with the codefendant did not mean that the codefendant was acquitted of conspiracy as is contemplated by KRS 506.070(3). *Weber v. Commonwealth,* 24 Ky. 1726, 72 S.W. 30 (1903) observed that merely because a codefendant could not be further prosecuted for conspiracy did not mean that there was not a conspiracy between the two of them warranting an instruction on conspiracy. *Weber, supra,* also noted that:

> to adopt the rule urged by the learned counsel would be to deprive the Commonwealth of all benefits from this section where there were only two in the conspiracy. For if, in this event, one of the conspirators was introduced as a witness for the state, the other would never be convicted, however clearly his guilt might be shown.

We do not believe the legislature intended the reference to "acquittal" under KRS 506.070(3) to mean a negotiated plea where the co-conspirator testifies at trial to participation in the conspiracy. It is a more consistent interpretation to believe that section (3) was adopted merely to prevent inconsistent verdicts. *See Green.*

Although *Green* held that a defendant could not be convicted of conspiracy if co-conspirators were acquitted, the court also indicated that such did not include a co-conspirator who could not be convicted for other legal reasons as such would not be the equivalent to an acquittal.

Here, the co-conspirator was not acquitted of conspiracy. He was merely granted immunity from prosecution for conspiracy by being allowed to plead to facilitation in exchange for his testimony. Consequently, Sego was not entitled to a directed verdict of acquittal because his co-defendant entered a plea to the offense of facilitation.

■ We must now consider the three issues raised on cross-appeal by Sego. They are: 1) that a mistrial was requested when the undercover agent stated an opinion that he was convinced that Sego would fulfill his promise to burn the house; 2) a dismissal of the indictment was requested on the theory that it had been returned by an improperly empaneled grand jury; and 3) a new trial was sought because of plain error arising from instructions allegedly giving less weight to the defense theory that Sego only intended to take the agent's money.

■ We find these arguments to be without merit. The collective facts rule allows an individual to testify about a party's mental condition and emotions as manifested to that witness. *See Emerine v. Ford,* Ky., 254 S.W.2d 938 (1953). In any event, there is overwhelming evidence of guilt in this case, and the error, if any, is nonprejudicial. RCr 9.24.

■ The grand jury panel that indicted Sego was properly constituted and the trial judge did not err in denying the defendant's motion to dismiss the indictment. The Grand Jury was empaneled on July 1 and was drawn from the roll of voters. On July 13, KRS 29A.040 became effective which required the jury list to be drawn from either or both voter and drivers' license lists. In his cross-petition, Sego argues that this matter should be reversed because the jury panel was in conflict with the statute as amended.

■ On August 6, 1990, the administrative procedures of the Court of Justice were amended in Part II, Section 3, to conform with the amended statute. The amended rule became effective on September 15, 1990. At the time of Sego's indictment, the statute and the rule were that the jury was to be selected from the voter list and that a juror be given 30–days' notice. *See* Administrative Procedures of the Court of Justice, Part II, Section 8; KRS 29A.060(8). The power to establish the mechanics of jury selection is inherently in the court. *Trent v. Commonwealth,* Ky.App., 606 S.W.2d 386 (1980).

Even if there was a conflict between the statutes, it is the obligation of the court to try to harmonize the interpretation of the law so as to give effect to both statutes if possible. *Ledford v. Faulkner,* Ky., 661 S.W.2d 475 (1983). Therefore the statute should be interpreted so that any juror drawn on or after July 13, 1990 shall be from the drivers' license list or voter registration list, but that jurors previously notified may serve during the interim. Any other construction would

make KRS 29A.060(8) meaningless and produce an absurd result. *Cf. Transport Motor Express, Inc. v. Finn,* Ky., 574 S.W.2d 277 (1978).

Sego's final complaint in his cross-petition is that the trial judge committed reversible error in allegedly failing to properly instruct the jury because the format of the jury instructions favored the prosecution's theory of the case over the defendant's theory. This issue has not been properly preserved for appellate review pursuant to RCr 9.54(2). In this particular case, we find that there is no palpable error or manifest injustice under RCr 10.26, which requires review of this allegation.

It is the holding of this Court that the defendant was not entitled to a directed verdict of acquittal merely because his codefendant entered a guilty plea to the offense of facilitation. The defendant was not entitled to a directed verdict of acquittal because under KRS 506.070(2) it is not a defense that one of his co-conspirators did not truly intend to commit the criminal act because he was a government agent. The fact that the government agent did not face prosecution does not mean that he was discharged under circumstances amounting to an acquittal.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

STEPHENS, C.J., and LEIBSON, REYNOLDS, SPAIN and STUMBO, JJ., concur.

LAMBERT, J., dissents by separate opinion.

LAMBERT, Justice, dissenting.

While it may not be entirely clear from the majority opinion, the person with whom appellant conspired to commit arson was an alcohol, tobacco and firearms agent who never had any intention of engaging in criminal conduct. In a word, appellant was duped by the ATF agent.

The crime of which appellant stands convicted is conspiracy which requires an agreement between two or more persons to engage in criminal conduct. When one of the parties to the agreement has no intention of engaging in such criminal conduct, there can be no conspiracy. As aptly stated by the Court of Appeals, "There is no such thing as a conspiracy of one." This proposition was established a long time ago in *Green v. Commonwealth,* 264 Ky. 725, 95 S.W.2d 561 (1936), as follows:

> From the very nature of the crime, a conspiracy cannot be committed by one person alone, but must be committed by two or more persons. For this reason, it is the general rule that one defendant charged with the crime of conspiracy cannot be convicted where the disposition of the case against all of his alleged coconspirators is such that the basis of the charge of conspiracy is removed.

*Id.,* 95 S.W.2d at 561.

The reason underlying the crime of conspiracy is the greater potential for harm when two or more persons are acting in concert. As a means of preventing the greater harm, the law, in effect, punishes criminal intent providing it is accompanied by an overt act. 10 Abramson, *Kentucky Practice* § 3.39–.40 (1990). To soften such a harsh rule, however, the law provides in KRS 506.070(3) that "a defendant cannot be convicted of conspiracy if all of his co-conspirators have been acquitted or discharged under circumstances amounting to an acquittal." This statute recognizes that if the co-conspirator has been acquitted or discharged, there is no agreement to support the conspiracy. It is as logical, if not more so, to conclude that no agreement exists when one of the parties is a police officer who has no intention of engaging in criminal conduct. In such a circumstance, there is simply no basis to punish peremptorily as such amounts to the punishment of criminal intent.