Filed Jan. 15, 1891.

---

No. 15,664.

ROWLAND ET AL. *v.* THE STATE.

CRIMINAL LAW. — *Defective Information.* — *Prosecution Notwithstanding.* — *Abatement.* — *Grand Jury.* — When the accused is in actual custody he may be prosecuted by information, when the grand jury is not in session, although the information, or process, upon which he was originally arrested and placed in custody may have been defective, or irregular. Where the original prosecution abates, by reason of some irregularity, or informality, the court may direct that the accused be retained for a trial upon the merits of the accusation against him.

From the Morgan Circuit Court.

*W. R. Asher, J. H. Jordan* and *O. Matthews,* for appellants.

*E. S. Davis,* Prosecuting Attorney, *N. A. Whittaker, J. J. Hilton* and *C. G. Renner,* for the State.

ELLIOTT, J.—Several questions of practice are presented by the State, but we think it unnecessary to discuss or decide them, inasmuch as the judgment must be affirmed upon the principal question in the case. That question arises upon

the ruling of the trial court made on an issue of fact joined on a plea in abatement filed by the accused.

It appears from the evidence that upon the original information filed against the appellant, a judgment was rendered in his favor on a plea in abatement, and that the court, upon entering the judgment, ordered the sheriff to retain him in custody. On this information a warrant was issued to the sheriff, who made the following return thereon : " Having the defendant in custody, in the county jail, when this writ came to my hand, I now bring him into open court." The sheriff was called as a witness, and testified that he arrested the appellant upon a warrant issued upon the first information ; that as soon as the order of the court was made abating the prosecution on that information he was directed to retain the custody of the appellant until the prosecuting attorney could prepare another information, and that he did retain him in custody. It also appears that the court was continuously in session, and that the grand jury had not been convened during the term.

We have no doubt that upon these facts the trial court had jurisdiction, and that prosecution by information was appropriate and proper. If the accused is in actual custody he may be prosecuted by information, when the grand jury is not in session, although the information or process upon which he was originally arrested and placed in custody may have been defective or irregular. A guilty man can not escape because the original prosecution by reason of some irregularity or informality abates, but the court may direct that he may be retained in custody for a trial upon the merits of the accusation against him. *State* v. *Drake,* 125 Ind. 367 ; *Sovine* v. *State,* 85 Ind. 576.

Judgment affirmed.

Filed Jan. 15, 1891.