STATE OF INDIANA *v.* BASS.

[No. 26,536. Also Nos. 26,537, 26,538, 26,539, 26,540, 26,541, 26,542, 26,543, and 26,545. Filed May 20, 1936.]

*Philip Lutz, Jr.,* Attorney-General, and *Caleb J. Lindsey,* Assistant Attorney-General, for the State.

*W. D. Hardy* and *Addison Beavers,* for appellees.

FANSLER, J.—Appellees were indicted for various violations of the Election Law. To the indictments all appellees filed answers in abatement, specifying eight reasons why the grand jury which returned the indictments was illegally drawn. To these answers the state demurred. The demurrers were sustained as to specifications , 2, 4, 5, and 6 of the answers, and overruled as to specifications 3, 7, and 8.

Error is assigned upon the overruling of the demurrers, and upon the ground that "the court erred in rendering a judgment of acquittal of the appellees herein on their pleas in abatement."

Specification 3 alleges in substance that the jury commissioners selected the names of twice as many persons as would be required by law for grand and petit jurors

in the courts of Warrick county for all terms of said courts to commence within the year; that the names so selected were placed in the box furnished by the clerk, but that at the time said names were placed in the box there remained therein other names previously drawn by other jury commissioners, which had not been destroyed or emptied from said box, and that the box from which the grand jury which returned the indictment was drawn contained not only the names drawn by the jury commissioners, but such other and additional names.

In specification 8 it is alleged that the box in which the names drawn by the jury commissioners were deposited was kept in an open and exposed place in the office of the clerk, where persons other than the clerk had access to it; that the box was old and worn, and that the hinges and fasteners on the lid could be lifted so that it was possible to insert in the box slips of paper with names written thereon; that the name of William E. Hart was twice drawn from the box, first on the 30th day of April, for petit jury service, and on the 26th day of June, for grand jury service. This William E. Hart was one of the jury commissioners and an officer of the court, charged with the duty of selecting the names for jury service, and was not a qualified juror, and his name could not properly have been in the box.

It is alleged in one of the specifications that two of the members of the grand jury had been very active, and had interested themselves, in a movement to bring about the calling of a grand jury and an investigation of the matters concerning which the indictments were returned; that they had approached members of the county council and urged the making of an appropriation for the employment of a special prosecuting attorney. When the names were drawn for grand jury service theirs were among the six names drawn.

From the earliest times rules and methods have been devised for drawing juries in an effort to insure the selection of disinterested jurors, and with a view to preserving the purity of the jury as an institution. Our statutory method of drawing juries was devised for the purpose of putting the selection beyond suspicion of advantage or favoritism. This result can be achieved only by a strict conformance to the requirements of the statute. The statute, section 4-3304, Burns' Ann. St. 1933, section 1267, Baldwin's 1934, clearly contemplates that no names shall be contained in the jury box, except the names taken from the tax duplicate by the jury commissioners to serve the courts for the current year. The facts alleged, which are by the demurrers admitted to be true, disclose that there were names in the jury box which should not have been there. It is alleged that there was opportunity for names to be inserted in the box by others than the jury commissioners; that the names of two who were active in seeking an investigation of the matters involved in the indictment were in the box. This may have been a mere coincidence, but it furnishes ground for suspicion, and the impartiality of juries must be above suspicion insofar as a compliance with the statutory method of selection can make it so. It is for this reason that a grand jury which is not organized in accordance with the statutory requirements is held to be an unlawful jury, and an indictment returned by such a grand jury will be abated. *Stipp* v. *State* (1918), 187 Ind. 211, 118 N. E. 818; *Walter* v. *State* (1935), 208 Ind. 231, 195 N. E. 268.

The other error assigned and discussed in the brief is that: "The court erred in rendering a judgment of acquittal for the appellees herein on their pleas in abatement." But no such judgments were entered. The judgments, after reciting the ruling

on the demurrers, and that "the State of Indiana now fails and refuses to plead over and to plead further thereto, and the State of Indiana now abides and elects to stand on said ruling on said demurrer," were as follows: "It is therefore considered and adjudged by the Court that the indictment herein abate, to which ruling the State now excepts, and it is further ordered by the Court that the defendant stand at liberty on he recognizance bond heretofore given herein to answer indictment or affidavit, if any, which hereafter may be found or returned or filed against the defendant, and now the State prays an appeal to the Supreme Court of Indiana which is now granted." The judgments were identical in all of the cases, and were proper judgments. They did not effect an acquittal of the defendants, nor were they judgments of acquittal. They might have been re-indicted, or affidavits might have been filed charging them with the same offense. It is said in *Rowland et al.* v. *State* (1891), 126 Ind. 517, 518, 26 N. E. 485, that: "A guilty man can not escape because the original prosecution by reason of some irregularity or informality abates, but the court may direct that he may be retained in custody for a trial upon the merits of the accusation against him." This is the well-settled rule. Whether the defendants were re-indicted, or affidavits filed against them, does not appear from the record. But the judgments in these cases would not be a bar or a defense to such prosecutions.

Judgments affirmed.