STATE EX REL. BRUNE *v.* VANDERBURGH CIRCUIT COURT.

[No. 1270S310. Filed January 15, 1971]

*John F. Davis,* of Indianapolis, for relator.

*John G. Bunner,* Evansville, *Hugo C. Songer, Sydney L. Berger,* Amicus Curiae, of Evansville, for respondents.

HUNTER, J.—The relator William J. Brune, prosecuting attorney elect of Vanderburgh County, filed verified petition

praying for the issuance of a writ of mandate against the respondent, the Honorable William H. Miller, Judge of the Vanderburgh Circuit Court. The respondent filed a verified return to said petition.

The Evansville Bar Association filed a petition requesting permission to file a brief amicus curiae in opposition to relator's petition for writ of mandate, which was granted. An emergency hearing was granted and scheduled by this court for hearing December 21, 1970.

Thereafter the court, all members concurring, entered an order denying the writ on the date of the hearing, December 21, 1970.

The issues presented to the court in this original action are briefly stated as follows:

(1) The respondent Judge of the Vanderburgh Circuit Court by his return avers that prior to December 10, 1970, the jury commissioners of Vanderburgh County, Indiana, directed his attention to the fact that the names of taxpayers appearing on the present property tax duplicates and tax schedules for Vanderburgh County, Indiana, had been drastically reduced and that, as jury commissioners, they would have difficulty in obtaining representative citizens of the county to serve as jurors in all the courts of Vanderburgh County for the ensuing year 1971.

(2) On December 10, 1970, the respondent conducted a hearing after having requested the county assessor and all the township assessors of Vanderburgh County and members of the bar of Vanderburgh County to appear for said hearing to be conducted on the question of the availability of persons of the county to serve as prospective jurors.

(3) As a result of the hearing the respondent found that the registered voters list was a more comprehensive and representative list of citizens of Vanderburgh County from which to select names to be placed in the jury box for the year 1971.

(4) The respondent further found that the statutory method for selecting names of prospective jurors to be placed in the jurors box for ultimate selection as members of the grand and petit juries for the courts of said county in the year 1971 was inadequate, and further would not comply with standards of the constitutions of the State of Indiana and the United States in the selection of prospective jurors from a representative cross-section of citizens of the county.

Therefore, as a result of the hearing the respondent entered an order directing the jury commissioners to select the names of legal voters and citizens of the United States from the master file of the voters of Vanderburgh County, and to make such selections by wards and townships.

The relator filed a motion to vacate and expunge the order to the jury commissioners to select said prospective jurors from the master file of the voters list of Vanderburgh County, and in said motion made a demand and request on the respondent court to follow the statutory method of selecting prospective jurors as set out in Ind. Ann. Stat. § 4-7104 (1968 Repl.) which reads in part as follows:

"4-7104. *Selection of grand and petit jurors—Special procedure in counties exceeding 650,000 population.*—Said commissioners shall immediately, from the names of legal voters and citizens of the United States, on the latest tax duplicate and the tax schedules of the county, examine for the purpose of determining the sex, age and identity of prospective jurors, and proceed to select and deposit, in a box furnished by the clerk for that purpose, the names, written on separate slips of paper of uniform shape, size and color, of twice as many persons as will be required by law for grand and petit jurors in the courts of the county, for all the terms of such courts, to commence with the calendar year next ensuing. Each selection shall be made as nearly as possible in proportion to the population of each county commissioner's district. In making such selections, they shall in all things observe their oath, and they shall not select the name of any person who is not a voter of the county, or who is not either a freeholder or householder, or who is to them known to be interested in or has cause pending which may be tried by a jury to be drawn

from the names so selected. They shall deliver the box, locked, to the clerk of the circuit court, after having deposited therein the names as herein directed. The key shall be retained by one (1) of the commissioners, not an adherent of the same political party as is the clerk. . . ."

The court denied the motion to vacate and the relator then filed his petition for original action in this court. The evidence adduced at the hearing produced two salient evidentiary facts related to the issue presented to this court by the original action filed herein.

(1) Testimony of all the township assessors of Vanderburgh County together with that of the county assessor indicated that almost one-half of the names of persons previously appearing on the tax duplicates and tax schedules of said county have been removed by the elimination of the names of persons owning automobile vehicles from the personal property tax rolls.

(2) Several practicing attorneys duly licensed to practice law in the State of Indiana were called to testify. They stated unequivocally that they would challenge the jury array on the basis of the present statutory method of selection of jurors, if the method of selection of prospective jurors as outlined in the statute was adhered to by the jury commissioners in their selections of prospective jurors for the ensuing year of 1971.

The pertinent statutes in addition to section 4-7104, *supra*, relating to the issues formed by this action are as follows: Ind. Ann. Stat. § 64-305, (1961 Repl.) defines personal property as follows:

"64-305. *'Personal property' defined.*—When used in this act, the term 'personal property' means all tangible property of any nature or kind other than real property, and specifically includes the following:

(a) Nursery stock when severed from the ground;

(b) Florists' stocks of growing crops, when ready for sale as pot plants on benches;

No commercially planted and growing crops, while in the ground, shall be considered personal property."

Ind. Ann. Stat. § 64-401 (1961 Repl.) made all tangible property, with certain minor exceptions, subject to taxation.

The Acts of 1919, ch. 59, § 61a, as added by Acts 1961, ch. 325, § 1, p. 959, imposed a tax upon all household goods. This statute was later declared unconstitutional by this court in *Finney* v. *Johnson* (1962), 242 Ind. 465, 179 N. E. 2d 718, for the reason that, upon the basis of the above Chapter 325 of the Acts of 1961, "there would be no 'just valuation for taxation', as required by our Constitution, between those petitioning for a reassessment and those under-assessed under the questioned statute."

Moreover, in 1961 the General Assembly also enacted Chapter 345 of the Acts of 1961, attempting to provide for a tax upon motor vehicles and mobile homes in lieu of the ad valorem property tax. This statute was also declared unconstitutional by this court in *Wright* v. *Steers, Attorney General et al.* (1962), 242 Ind. 582, 179 N. E. 2d 721, 180 N. E. 2d 539, for the reason that, said Chapter 345 proposed to specifically exempt motor vehicles and mobile homes by providing that the tax would be imposed "in lieu of the ad valorem property tax." This court noted that:

"In our opinion, the Constitution does not permit an expressed exemption of any property from the general property tax rate other than that specifically named in the constitutional provision."

The Act defining personal property for tax purposes was amended by the 1965 Legislature.

Ind. Ann. Stat. § 64-305 (1961 Repl. 1970 Supp.) defines personal property as follows:

"64-305. *'Personal Property' defined.*—When used in this Act the term 'personal property' means and includes the following:
(a) Nursery stock when severed from the ground,

(b) Florists' stock of growing crops when ready for sale as pot plants on benches,

(c) Billboards and other advertising devices when located upon real property not owned by the owner of such devices,

(d) Motor vehicles, mobile homes, airplanes, boats and trailers; and

(e) All other tangible property, other than real property, of any nature or kind being held for sale in the ordinary course of a trade or business or being held, used or consumed in connection with the production of income or being held as an investment. No commercially planted and growing crops while in the ground shall be considered personal property."

The foregoing Act, as amended, excludes household goods, but specifically includes motor vehicles.

On November 8, 1966, the Constitution of this state, Article 10, Sec. 1, was amended to provide as follows:

"Assessment and taxation.— (a) The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. The General Assembly may exempt from property taxation and property in any of the following classes:

(1) Property being used for municipal, educational, literary, scientific, religious or charitable purposes;

(2) Tangible personal property other than property being held for sale in the ordinary course of a trade or business, property being held, used or consumed in connection with the production of income, or property being held as an investment;

(3) Intangible personal property.

(b) The General Assembly may exempt any motor vehicles, mobile homes, airplanes, boats, trailers or similar property, provided that an excise tax in lieu of the property tax is substituted therefor. [As amended November 8, 1966]"

Pursuant to the constitutional authority provided by the above amendment to Article 10, Section 1, the 1969 Legislature

imposed an excise tax upon vehicles and excluded those vehicles from the imposition of the ad valorem tax by providing that such tax be in lieu of property tax, the levying clause of which expressly so provides.

Ind. Ann. Stat. § 47-3602 (1965 Repl. 1970 Supp.) reads as follows:

"47-3602. *Imposition of license excise tax.*—Effective January 1, 1971, there is hereby imposed an annual license excise tax upon vehicles, which tax shall be in lieu of the ad valorem property tax levied for state or local purposes, but in addition to any registration fees imposed on such vehicles.

No vehicle, as defined in Section 1 (§ 47-3601) of this act, excepting vehicles in the inventory of vehicles for sale by a manufacturer, distributor or dealer in the course of his business, shall be assessed as personal property for the purpose of the assessment and levy of personal property taxes or shall be subject to ad valorem taxes, beginning with taxes for the year 1970 payable in 1971 and thereafter, whether or not such vehicle is in fact registered pursuant to the motor vehicle registration laws. No person shall, after January 1, 1971, be required to give proof of the payment of ad valorem property taxes as a condition to the registration of any vehicle."

Ind. Ann. Stat. § 47-3601 (1965 Repl. 1970 Supp.) excepts from the operation of the Act: (1) vehicles owned by governmental agencies; (2) mobile homes; (3) vehicles assessed under the Public Utility Tax Act of 1949; (4) antique motor vehicles and (5) trucks, trailers, semitrailers, tractors and buses.

Thus, the respondent alleges that the only individuals subjected to property taxation in the year 1971 will be the owners of real estate and owners of mobile homes, trucks, buses, etc., as excepted from the operation of the license excise tax upon vehicles.

The Act defining qualifications of jurors is set forth in Ind. Ann. Stat. § 4-7115 (1968 Repl.) and reads as follows:

"Qualifications of jurors. To be qualified as a juror, either grand or petit, a person must be a resident voter of the

county, and a freeholder or householder, or the spouse of a householder. Any person shall be excused from acting as a juror who is over sixty-five (65) years of age and desires to be excused for such reason."

Therefore, it is readily apparent that § 47-3602, *supra,* operates to drastically reduce the number of persons who have heretofore been listed on the tax duplicates and schedules under § 4-7104, *supra.* The great majority of persons who have heretofore appeared on the tax duplicates and schedules as owners of automobile vehicles have been deleted *from the 1970 tax duplicates and schedules of Vanderburgh County.* Such persons would represent a majority of citizens in Vanderburgh County who would qualify as householders or their spouses under the terms of § 4-7115, *supra.*

The relator relies heavily on the case of *Bass* v. *State* (1936), 210 Ind. 181, 1 N. E. 2d 928, to sustain his challenge to the respondent's order of December 10, 1970, to the jury commissioners of Vanderburgh County. In *Bass, supra,* this court in essence stated that unless the statute (§ 4-7104) was followed the jury was unlawful. This court in *Bass, supra,* stated at page 184 in part as follows:

"Our statutory method of drawing juries was devised for the purpose of putting the selection beyond suspicion of advantage or favoritism. This result can be achieved only by strict conformance to the requirements of the Statute. This statute . . . clearly contemplates that no names shall be contained in the jury box, except the names taken from the tax duplicate by the jury commissioners to serve the Courts for the current year . . . It is for this reason that a grand jury which is not organized in accordance with the statutory requirements is held to be an unlawful jury, and an indictment returned by such a grand jury will be abated."

It must be recognized, of course, that *Bass, supra,* was decided long before the amendments which are referred to hereinabove were enacted, and thus to the extent that *Bass, supra,* could be interpreted as a holding that the Vanderburgh Circuit Court in its order to the jury commissioners is re-

quired to follow § 4-7104, *supra,* strictly in its order and instructions to the jury commissioners of Vanderburgh County, it is to such an extent overruled.

The limited reversal of *Bass* is made necessary by the fundamental rule that classes of citizens may not be arbitrarily excluded from jury service. Such exclusion would constitute a denial of equal protection of law to one tried before a jury so constituted. *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912; *Dixon* v. *State* (1946), 224 Ind. 327, 67 N. E. 2d 138; *Swain* v. *State* (1939), 215 Ind. 259, 18 N. E. 2d 921.

We now, therefore, hold that the order of the Vanderburgh Circuit Court was made in the exercise of judicial discretion under the provisions of § 4-7115, *supra,* and the holdings of the Supreme Court of Indiana and the Supreme Court of the United States. For all the foregoing reasons, the order of the Vanderburgh Circuit Court entered as of December 10, 1970, directing the jury commissioners to select the names of persons to be placed in the jury box for the ensuing year of 1971 for the selection of grand and petit jurors for all the courts of Vanderburgh County, was a valid and proper exercise of judicial discretion. That said order was a recognition that § 4-7104, *supra,* is no longer adequate for the selection of names to go in the jury box for the reason that in Vanderburgh County the names selected from the tax duplicates and schedules would not contain a list of persons that would be a representative cross-section of the citizens of Vanderburgh County. Such a method would not be an arbitrary exclusion of householders or spouses of householders; but rather would include a representative cross-section of all segments of the citizenry and thereby assure representation of all classes.

We therefore hold that the master voters registration list arranged in alphabetical order without any reference to political affiliation with selections by wards and townships within the county commissioner's districts is the most com-

514

prehensive list of names available for utilization by the jury commissioners of Vanderburgh County for the ensuing year of 1971. The petition for an alternative writ of mandate is hereby denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 265 N. E. 2d 524.