Samuel Henry BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 678S110.

Supreme Court of Indiana.

July 27, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of a second post-conviction petition by the Vanderburgh Circuit Court, the Honorable Claude B. Lynn, Special Judge. Appellant was convicted in that court in 1968 of second degree murder and a direct appeal from that conviction was affirmed by this Court. *Brown v. State*, (1969) 252 Ind. 161, 247 N.E.2d 76. Thereafter appellant filed a first post-conviction petition pursuant to Ind. R.P.C. 1 which was denied by the Honorable William H. Miller, and an appeal resulted in an affirmance of that decision. *Brown v. State*, (1973) 261 Ind. 169, 301 N.E.2d 189. Two issues are presented for our resolution here: (1) whether this appeal should be dismissed pursuant to a motion therefor filed by the Attorney General; and

(2) whether the jury panel for appellant's original trial was drawn in conformity with the requirements of the Fourteenth Amendment.

## I.

■ The motion of the Attorney General to dismiss is based upon the assertion that appellant's first post-conviction petition and the motion to correct errors filed to the denial thereof alleged the jury selection process was unlawful and therefore appellant was precluded by Ind. R.P.C. 1, § 8 from making such grounds a basis for this second such petition. That rule provides in pertinent part:

"All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

Pertinent to disposition of the State's motion to dismiss is Ind. R.P.C. 1, § 4(a) wherein it is stated:

"Within thirty [30] days after the filing of the petition, or within any further reasonable time the court may fix, the State, by the prosecuting attorney, shall respond by answer stating the reasons, if any, why the relief prayed for should not be granted."

The State did not present its contention in the court below that appellant was precluded from again asserting the jury selection process issue in response to appellant's second post-conviction petition or to his belated motion to correct errors directed to such second petition by which he sought and was granted an evidentiary hearing upon that very issue. The trial court made no explicit finding on waiver. The issue of waiver must be first raised by the State in the trial court. *Langley, Richardson v.*

*State,* (1971) 256 Ind. 199, 267 N.E.2d 538; *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623; *Brown v. State,* (1974) 261 Ind. 619, 308 N.E.2d 699; *State v. Kolb,* (1974) 162 Ind.App. 115, 318 N.E.2d 382. When the State properly raises this issue in defense the petitioner "must then present some substantial basis or circumstance which would satisfactorily show why such grounds were not waived." *State v. Wright,* (1978) Ind., 372 N.E.2d 453, 455. Since this defense was not raised in the court below by an appropriate pleading and was not subjected to litigation, it may not be first asserted here by the State by way of a motion to dismiss. The motion of the State to dismiss is therefore denied.

## II.

■ Appellant at a hearing in the court below sought to establish that he had not been afforded the opportunity to have his jury drawn from an aggregation of names which was representative of the community. Such pools of names of prospective jurors are to be assembled in conformity with the fair cross section principle which was stated in concrete terms in *Taylor v. Louisiana,* (1975) 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690, as follows:

"The jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." 419 U.S. at 538, 95 S.Ct. at 702.

At the time of appellant's trial the jury commissioners were under statutory mandate to assemble such pools by selecting names from personal property tax lists, placing those names in a box, and later upon order of the court, randomly drawing such names from the box in the number required by the court being served. Ind. Stat.Ann. § 47–104 (1968 Repl.). Sixty names were randomly drawn from a jury box in this manner and provided to the trial court for appellant's trial. Testimony from which conflicting inferences could be made as to whether there were any black persons among the sixty names withdrawn from the

box was presented by appellant in an attempt to establish that the fair cross section requirement was not met. However, in addition to such conflicting evidence, appellant established and places primary reliance upon the use of personal property tax lists by the jury commissioners in filling the box. ·Census statistics show that 6% of the people in Vanderburgh County in 1968 were black, and that 25% of those persons earned below the poverty level. This statistical information, when taken alone or in conjunction with the testimony, is insufficient to warrant the conclusion that the use of the personal property tax lists worked an impermissible exclusion of black persons from the names in the jury box and therefore from the sixty persons drawn from it. At the time of the selection of appellant's jury, personal property tax lists included the names of owners of passenger automobiles. See: *State ex rel. Brune v. Vanderburgh Circuit Court*, (1971) 255 Ind. 505, 265 N.E.2d 524. It is common knowledge that automobiles costing very little money are owned, licensed and operated for transportation by persons from one end of the earnings spectrum to the other. The income statistics of the sort provided by appellant have little if any significance for the purpose of establishing those who are not to be found on tax lists of this nature. The finding and conclusion of the trial court are clearly not contrary to or unwarranted by the evidence presented.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.